123 So.2d 120

**Aileen H. FEATHERSTON**

v.

**Charles N. FEATHERSTON.**

**7 Div. 509.**

Supreme Court of Alabama.

Sept. 15, 1960.

On December 10, 1957, Aileen Featherston obtained a divorce from her husband, Charles Featherston, on the ground of voluntary abandonment. The custody of their four minor children was awarded to the father in accordance with an agreement of the parties. Apparently the mother was given the right to visit the children at all reasonable times. The decree of December 10, 1957, is not in the record presently under consideration.

On December 31, 1959, Aileen Featherston filed a petition seeking modification of the decree of December 10, 1957, in so far as custody of the minor children was therein awarded to their father. She prayed that the permanent custody of the children be awarded to her on the ground that since the decree of divorce Charles Featherston has conducted himself in such a manner as to show that he is not a fit and proper person to have custody of the children. She averred in an amendment to her petition that at the time she agreed for the custody of the children to be awarded to their father he agreed "that he would give her the custody of the children" as soon as "she got herself adjusted" and that she only agreed to temporary custody in the father because her attorney assured her that at the end of three months "he could have the children returned to her by the court."

After hearing witnesses testify, the court entered a decree refusing to modify the decree of December 10, 1957, except as to the mother's right to visit the children. Right of visitation was restricted to "two hours each week and between the hours of 4:00 P.M. and 6:00 P.M. on each Wednesday hereafter" in the home of the children's father.

Each case of the kind now under consideration must rest upon its own facts and circumstances with, of course, the principle always in mind that the welfare of the child is of paramount importance. Hale v. Hale, 259 Ala. 666, 68 So.2d 63.

The burden was on the petitioner to show a change of conditions which would

Rowan S. Bone, Gadsden, for appellant.

Roy D. McCord and L. D. Martin, Gadsden, for appellee.

LAWSON, Justice.

This is an appeal from a decree of the Circuit Court of Etowah County, in Equity, denying a petition to modify a decree awarding custody of minor children.

**240**

justify a change of the original decree. Andrews v. Sullivan, 260 Ala. 291, 69 So.2d 870; Raines v. Baucom, 270 Ala. 706, 121 So.2d 870.

We have often observed that where no good purpose would be served by setting out or discussing the evidence in detail, we will decline to do so. James v. James, 242 Ala. 140, 5 So.2d 616, and cases cited. See Hale v. Hale, supra.

It is sufficient to say that we have studied the evidence carefully. The petitioner, in our opinion, has completely failed to show that the father has become an unfit person to have the custody of the children since the divorce decree.

On the contrary, the evidence tends to show that the father is morally fit to have the custody of the children, all of whom are of school age, and that he has employed a housekeeper who lives in his home and assists him in caring for the children. The evidence fully supports a finding that the children are well provided for and receive all the love, affection and supervision that can come from a divided home.

We will say no more about the evidence as it relates to the mother's conduct since the divorce other than to say it amply supports the holding of the trial court that she is "an unfit and unsuitable person to have the care, custody and control of the said children."

The trial court was warranted, under the petition and evidence, in restricting the petitioner's visits with the children, even though her petition did not expressly pray for a modification of the decree of December 10, 1957, in that respect. Her petition did ask for modification of the decree as to custody and the court, under its inherent power, has the authority to mould the decree so as to best serve the interests of the children. See Snead v. Davis, 265 Ala. 229, 90 So.2d 825.

We have considered the assignments of error which have been adequately argued in brief. They are, in our opinion, without

merit. It follows that the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.