Wayne C. ERVIN

v.

Jean A. ERVIN.

4 Civ. 4.

Court of Civil Appeals of Alabama.

Dec. 15, 1969.

Farmer & Farmer, Dothan, for appellant.

Hardwick, Hause & Segrest, Dothan, for appellee.

WRIGHT, Judge.

This case comes to this court on appeal from a decree denying relief on petition and cross-petition for modification of prior decree modifying final decree of divorce dated July 8, 1965.

This appeal was taken by the defendant in the original petition for divorce and the petitioner in the petition to modify. There are three assignments of error. One and two are addressed to the court's failure to grant visitation rights with his children to appellant, and to reduce support payments. The third assignment charges error in the denial of supersedeas of support payments ordered under the prior decree sought to be modified.

There are 76 pages in the record, of which only 18 involve testimony. The remainder is comprised of pleadings of every nature and description beginning in 1965 and continuing almost monthly, sometimes

daily, until the decree appealed from dated January 28, 1969. There have been three different judges and a variety of lawyers involved during the interim. It is not clear from the record whether they wore out or gave up. The parties appear to be holding up well.

The appellant, defendant in the original suit for divorce has agreed to support and custody provisions in the original decree and two modifying decrees. In the interim he has been restrained twice, found in contempt and placed in jail twice, pleaded guilty to assault to murder and placed on probation for seven years, obtained, trained, quit or was dismissed from many places of employment, been almost continually behind in support payments, the amount of which he agreed to, and has otherwise disrupted the lives of his former spouse and children, and has strained the patience of the various judges of the court below.

There was rendered on December 18, 1965, a decree modifying the original decree as to visitation rights of appellant. This decree was based on an agreement between the parties, and was to the effect that appellant was to see the children only when they desired to visit him.

There was another modifying decree entered in response to appellant's petition on December 13, 1967. This decree reduced alimony and support from $40 to $25 per week, specifying that the award was for child support only.

On July 12, 1968, appellant filed a petition to further modify. Plea in abatement was granted. On September 13, 1968, appellant again petitioned to modify. This petition requested visitation rights or elimination of support provisions. There appears little doubt that he really desired the latter, as the evidence disclosed he was then substantially in arrears in his payments. To this petition appellee countered with a cross-petition for an increase of support and a rule to show cause why appellant should not be held in contempt for failure to pay support.

The petitions were set for hearing and testimony was taken ore tenus. The court denied both petition and cross-petition by decree on January 28, 1969. It is from this decree that appeal comes.

If the reader of the above fully understands what the writer has written, he is an excellent reader, and the writer is better than he thought. If it is not understandable, it is not because the writer has not tried to make it so, but is because of the complexity of the record.

Motion to allow supersedeas was filed by appellant as to the payment of support. The motion was denied by the court. Brief of appellee discloses that prior to the submission of this appeal, a writ of mandamus was sought by appellant from the Supreme Court to be directed to the court below to grant supersedeas. The writ was denied.

■ The decree from which this appeal is taken was not for the performance of some act or duty, or for the recovery of property, or for the payment of money, (Title 7, Sections 794, 795, Code of Alabama) but was merely a denial of a petition for modification of a former decree. Since there was no order therein requiring any performance on part of appellant, other than payment of costs, there was nothing to be superseded, and a bond would not be proper. The court below committed no error in its refusal to set such bond.

■ The above recital of proceedings in the court below, should be dispositive of the remaining assignments of error.

■ The well known rule that this court will not disturb the finding of a lower court where it heard the evidence ore tenus and observed the witnesses, unless palpably wrong, is more applicable in this case than in any other brought to mind.

■ It is understood that in many instances counsel for appellants perfect appeals upon insistence of their client, even though absence of error is clear. It is

hoped that members of the bar will exert every reasonable effort to prevent such appeals. We must candidly observe that the instant case falls within such classification.

Appellee in brief requests this Court grant her attorney a fee of $300 for his services on this appeal. We do not consider granting attorney fees here a desirable practice in the usual case. In this instance, considering the nature of this appeal as hereinabove indicated, we consider the granting of such fee not inappropriate. In view of the fact that support payments are already in arrears, we consider the request excessive, but do hereby grant to appellee for the service of her attorney on this appeal the sum of $200.

The decree of the trial court is affirmed.

Affirmed.