239 So.2d 778

James Louis **HAMMETT**

v.

**Mildred D. HAMMETT.**

**3 Div. 9.**

Court of Civil Appeals of Alabama.

Sept. 30, 1970.

H. E. Gipson, Jr., Prattville, Reynolds & Reynolds, Clanton, for appellant.

McDowell & Taylor, Prattville, for appellee.

WRIGHT, Judge.

This is an appeal from a decree of divorce by which the parties were each granted a divorce on complaint and cross-complaint. The authority for such decree is Title 34, Section 22(1), Code of Alabama 1940. This is the statute which permits a final divorce after there has been a decree of separate maintenance in effect for more than two years. By its decree, the trial court granted custody of three minor children, ranging in age from eight to thirteen years, to the mother-appellee, with reasonable visitation rights to the father-appellant.

The only error assigned is that the court erred in granting custody of the children to the mother rather than to the father.

Appellant is retired from military service after some thirty years service. His career in the service was that of cook and NCO in charge of general mess. Appellee, during most of the marriage years, worked as a beautician and is presently so employed. Appellant has suffered several heart attacks and is also a diabetic. His physical condition appears to have stabilized, but he is not able to be regularly employed. His income consists of retirement benefits and social security. His children receive $27.50 a month each from social security. He has purchased and lives in a comfortable home in Prattville, Alabama. Appellee is regularly employed as a beautician in Montgomery.

Following the decree of separate maintenance in 1966, appellee worked from early morning until late afternoon. The children were either alone or in the care of a sitter or watched by a neighbor. Appellant often met them in the afternoon after school, and had them with him on weekends. Appellant fully complied with the terms of the separate maintenance decree,

and supplemented it by purchasing clothes and other necessities for the children.

Shortly before the filing of the petition for divorce by appellant, the appellee and the children moved back into the home in Prattville. Appellee testified that the return was at the request of appellant and the children, and was for the purpose of reconciliation. Appellant testified that the return was on appellee's own initiative and not at his request. However, appellant accepted the return, prepared meals and cared for the children. They were entered in school in Prattville and were living there at the time of the decree.

There was no order in the decree requiring appellee to move after the divorce, and insofar as the record discloses they may all still be living in the same residence, including appellee.

The testimony, heard ore tenus, was voluminous and cannot be discussed in detail. However, for the purpose of this appeal some undisputed facts should be set out.

At the time of the decree in June 1969, the children were fourteen, twelve and eleven years of age. The oldest and youngest are girls and the other a boy. Throughout this marriage appellant had done substantially all the cooking for the family and had continued to do so after they returned home in 1968. Appellant is not employed and stays at home. Appellee is employed and is gone from home all day, six days a week. When questioned by the court the children expressed a desire to live with their father rather than their mother. The mother had discipline problems with the children, particularly with the boy. Appellant has an excellent home near the schools where the children are enrolled, located in Prattville "the best place to live in the United States."

The testimony was without serious conflict as to appellant or appellee being a fit and proper person to have custody of the children.

We have very carefully read and considered the testimony in this case. We have also considered the colloquy between the trial judge and counsel which appears in the record. It is obvious that the decision of the court concerning the custody of the children was reached after serious consideration. It is only after equally serious study and consideration that we have concluded that the award of the custody of these children to appellee is plainly wrong and does not represent the best interest of the children—which is the paramount matter for consideration. Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737.

■■ In rendering our decision for reversal of the trial court's decree, we are fully cognizant of the rule or presumption of correctness of a decree rendered after a hearing of testimony ore tenus. Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561; Randolph v. Randolph, 45 Ala.App. 326, 229 So.2d 923; Ervin v. Ervin, 45 Ala.App. 313, 229 So.2d 813. However, when the facts are without serious conflict as to the best interest and welfare of the children, the presumption of correctness of the decree must give way. There is added impact to the removal of such presumption when to the facts is added the weight to be given to the custodial preference of the children involved. Butler v. Butler, 222 Ala. 684, 134 So. 129.

■ To summarize the evidence which forces us to our decision—The children prefer to live with their father. The father has prepared their meals almost exclusively since their birth. He is free to be at home with them at all times. He is undisputedly fitted morally and financially to provide them with a good home. The mother, whether from necessity or inclination, has worked throughout the children's lives, all day and every day, except Sunday, leaving their care to someone else. She, admittedly, cannot cook for them as well as the father. The children are enrolled in schools near the home of appellant. The children are in need of parental discipline.

It really matters not whether our determination of error in the decree is stated to be based upon a wrong conclusion of facts, or a wrong application of governing principles of law. In any event, it is clear that to serve the best interest of the children the decree in respect to custody must be reversed.

In the event there is not involved a child of such tender years as to be peculiarly dependent upon the mother, there is no rule requiring that custody be granted to the mother rather than the father, when either is a fit and proper custodian. From the facts in the instant case, it rather appears that the children are peculiarly dependent upon the father. In making such statement and in rendering this decision, we do not intend to appear derogatory to the appellee as a mother. We are certain she has attempted to do her best for her children under difficult circumstances. We are further certain that the trial court will insure that she has every opportunity, consonant with the welfare of the children, to be with them and have them with her.

The trial court is hereby directed to amend its decree wherein it granted to appellee the permanent care, custody and control of the children, and grant such custody to the appellant, granting appellee such reasonable rights of visitation as is deemed proper in the premises. It follows, that the portion of the decree as to payment of support for the children to appellee by appellant, be amended to conform with this decision.

Reversed and remanded with directions.