257 So.2d 362

Willard E. **FULTZ**

v.

Lila Mae **FULTZ.**

8 Div. 56.

Court of Civil Appeals of Alabama.

Jan. 19, 1972.

W. D. Wilkes, Jr. and Edward N. Scruggs, Jr., Guntersville, for appellant.

H. T. Foster, Scottsboro, for appellee.

WRIGHT, Judge.

Appellee, Lila Mae Fultz, brought a bill of complaint for divorce against appellant, Willard E. Fultz, upon grounds of cruelty and habitual drunkenness. Appellant filed a cross-complaint on the ground of adultery.

Upon evidence heard ore tenus the trial court granted a divorce to appellee upon the ground of cruelty or habitual drunkenness or both, stating in the decree that there was ample evidence to support either or both grounds. Appellant brings this appeal from the final decree of divorce and argues in brief only the insufficiency of the evidence to support the decree of the court granting a divorce to appellee on the ground of cruelty or habitual drunkenness, or both.

We have examined the evidence heard ore tenus by the court. We see no necessity to set out herein the evidence produced as to either cruelty or habitual drunkenness. We consider it sufficient to observe the controlling rule that on appeal from a decree of a trial court rendered upon a hearing of evidence ore tenus, such decree has the standing of a jury verdict and is presumed to be correct. It will be set aside only if it is unsupported by any credible evidence and is plainly wrong. Turner v. Turner, 46 Ala.App. 350, 242 So.2d 397; Porter v. Porter, 46 Ala.App. 22, 237 So.2d 507. The evidence in this case was somewhat in conflict, but the court heard and observed the witnesses and its conclusions from such evidence are not plainly erroneous. Under such conditions, we may not substitute our judgment or conclusions from the evidence for that of the trial judge. Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598; Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281.

Affirmed.