286 So.2d 852

**Reginald V. BARBER**

v.

**Lialine BARBER.**

**Civ. 148.**

Court of Civil Appeals of Alabama.

Sept. 28, 1973.

Rehearing Denied Oct. 31, 1973.

Vernon Z. Crawford, J. U. Blacksher, Mobile, for appellant.

No brief for appellee.

**WRIGHT, Presiding Judge.**

Appellee was granted a divorce from appellant by decree dated June 4, 1970. Custody of two minor children was awarded to appellee. Appellant was directed to pay $100 per month as child support.

In response to motion to modify and after hearing, decree was entered on April 9, 1971, directing appellant to pay to appellee additional sums per month during the school year of 1971 for payment of tuition for the children enrolled in private school.

By petition to modify filed on August 13, 1971, appellee requested additional monthly sums of support for cost of tuition of the children attending private school. Upon oral hearing, the court directed an increase of $25 per month in support for use for educational purposes. Appellant filed motion for rehearing, presenting among other grounds, that the order increasing support for the purpose of paying tuition at a private school with an all white enrollment constituted state action encouraging and lending assistance to discrimination in education on a racial basis contrary to the Fourteenth Amendment of the United States Constitution.

The motion for rehearing was overruled and appellant appeals.

The evidence presented to the trial court briefly was that in 1971, appellant had personally enrolled one of the children in a private school and appellee had enrolled the other. Appellant had provided some of the tuition required while appellee had provided the remainder. The children had not done well scholastically in public school. There had been much violence and disorder in the public schools to which they had been assigned. The private school was as close or closer to the home of the children than was the public school. The court had examined the children in chambers by agreement of the parties and their attorneys. Of course, the record of this examination is not in the record on appeal.

The testimony of the mother was that she did not send the children to the private school to avoid integration in the public school, but her purpose was to secure for them a better opportunity to learn in smaller classes, free from violence, disorder and unrest. She stated that she knew she would be unable to send them to college and wanted them to get the most out of their secondary and high school education. Appellant presented testimony that appellee had stated she did not want her children

to go to school with "niggers." Appellee denied such statement.

The essential portion of the decree below is as follows:

" . . . Upon conference with the children by the court in chambers, with the consent of both parties and their respective attorneys, and after having heard the testimony and considered the demeanor of the witnesses and upon consideration of the best interest of the children, it is ordered, adjudged and decreed by the court that the motion for educational expenses of children filed by the complainant be granted, and based upon the needs of the minor children are such that an increase in the amount of child support is necessary and, therefore, the court further orders that the support payments be increased by $25.00 per month, retroactive to the month of October 1971 . . . ."

Upon the hearing of the motion for rehearing, testimony was presented to the court that the private school attended by the children was founded in 1971. It operated solely from payment of tuition by its students. The tuition was $35 per month, plus a $50 registration fee. No Negro children attended the school.

### On Motion to Dismiss

■ Motion to dismiss the appeal has been filed by appellee on the ground that it was not timely filed. The motion avers that the motion for rehearing was denied on August 25, 1972 and appeal was not filed until November 27, 1972.

We find such ground insufficient for dismissal. This is not an appeal from a decree of divorce subject to the provisions of Title 7, §§ 789–789(1) of the Code, but rather is governed by the provisions of Title 7, § 788. Moor v. Moor, 211 Ala. 56, 99 So. 316; Vinson v. Vinson, 260 Ala. 254, 69 So.2d 431. Therefore, the motion to dismiss is denied.

### On the Merits

■ We consider an appeal from a decree of modification rendered by the trial court after hearing ore tenus with the presumption of its correctness. Hammett v. Hammett, 46 Ala.App. 206, 239 So.2d 778. We will reverse such decree only if after considering all of the evidence, we conclude it to be palpably wrong, unjust or contrary to law. Body v. Body, 47 Ala.App. 443, 256 So.2d 184; Butler v. Butler, 274 Ala. 352, 148 So.2d 638; Fultz v. Fultz, 47 Ala.App. 502, 257 So.2d 362.

■ The paramount consideration of an equity court in determining the amount of support for minor children is the best interest and welfare of the children, taking into account the ability of the father to pay. The amount to be granted is a matter of discretion with the court and revisable on appeal only for an abuse of such discretion. Featherston v. Featherston, 271 Ala. 238, 123 So.2d 120.

■ We have carefully reviewed the evidence presented on the motion to modify. We find no evidence to indicate an abuse of discretion in the court's determination of appellant's ability to pay the additional sum of $25 per month as directed by the decree. The determination made by the court as to the needs, best interest and welfare of the children is supported by the evidence in the record. However, there was evidently additional information on this matter before the court which we do not have before us. As previously stated herein, the children were interviewed by the court in chambers with the consent of parties and counsel. What information they gave the court and the effect thereof upon the court's conclusion and decree is unknown to this Court. We cannot disturb the finding of the trial court that the best interest and welfare of the children required the additional sum of support when that court had evidence before it which is not before us. Ruck v. Ruck, 265 Ala. 29,

89 So.2d 274; Silavent v. Silavent, 281 Ala. 58, 198 So.2d 785.

We are requested by appellant to reverse the decree of the trial court upon a constitutional basis. Such constitutional question was not raised by pleadings in the case prior to the decree appealed from. There was no evidence presented as to whether the private school attended was racially segregated and limited in admission to students of the white race prior to the decree. It was only upon motion for rehearing that the constitutional issue was presented. There was testimony taken in support of the motion for rehearing that no black students had attended the school since it began in 1971. There was no testimony that blacks had applied for or been denied admittance, or that it was the policy of the school to limit enrollment to white students. We think the evidence insufficient to conclude that the school attended by the children was racially discriminatory.

In any event, the original decree was not modified upon rehearing. No appeal was taken nor would an appeal lie from the denial of the motion for rehearing under the appellate rules of this state. Evidence adduced in support of a motion for rehearing which is denied is not subject to consideration as basis for error in the rendering of the original decree. To benefit appellant, such facts should have been presented in the main case. Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422; Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205. The decree of the trial court must be affirmed.

We do not thus avoid deliberately the thesis presented by appellant that by entering a decree requiring payment by appellant of additional support requested for the purpose of assisting in paying tuition of children in a racially segregated private school, the court is encouraging and aiding in racial discrimination contrary to the Fourteenth Amendment of the Constitution of the United States.

Appellant admittedly in brief makes no contention that the Constitution prohibits racially segregated private schools, nor that it prohibits parents from sending their children to such schools. Appellant contends only that the state cannot, through its judiciary, compel a father to pay tuition, or any part thereof, of a child attending such a school. In support of his contention, appellant cites as authority Shelley v. Kramer, 334 U.S. 1, 68 S.Ct. 836, 92 L. Ed. 1161 (1948); Lee v. Macon Co. Bd. of Educ., 267 F.Supp. 458 (D.C.1967); Norwood v. Harrison, 413 U.S. 455, 93 S.Ct. 2804, 37 L.Ed.2d 723 (1973), and other Federal cases since Brown v. Bd. of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L. Ed. 873 (1954). Though the cases cited have struck down on an ever broadening basis racial discrimination in state operated schools, prohibited the state from providing tutition grants to racially segregated private schools (Lee v. Macon Co. Bd. of Educ., supra) and prohibited the state from providing free text books to students in all white private schools, (Norwood v. Harrison, supra) none have gone so far as requested by appellant here.

To deny to a custodial parent who has chosen to exercise her right to enroll her child in a racially segregated private school the right to secure assistance in the form of support from a court of equity is unconscionable.

It is the inherent right of a parent to determine and provide what is for the best interest of the child, subject to supervision of a court of equity which has jurisdiction over the child. The right of a parent to provide an equivalent education for his child in a private school of the parent's choice was declared paramount to the state's authority to require attendance in public schools. In Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925), reaffirmed in Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct.

1526, 32 L.Ed.2d 15 (1972). In Norwood v. Harrison, supra, it was said: "We do not suggest that a State violates its constitutional duty merely because it has provided any form of state service that benefits private schools said to be racially discriminatory."

There is indicated approval of the expression in the case of Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972), that general services necessary to existence such as electricity, water and police and fire protection may be provided even to racially discriminatory institutions by the state without violating the Constitution.

We cannot conceive how the state is inducing, encouraging or promoting racial discrimination by requiring a delinquent father to contribute $25 per month to the expenses of providing an education for two children enrolled in a private school by their mother with the father's concurrence and assistance, even if it were shown that such school is racially selective. Surely, it cannot be gainsaid that the court in its role of parens patriae could find from proper evidence that the best interest and welfare of a particular child or children would be served by attending such a school as opposed to a public school.

To sustain the contention of appellant would require investigation and supervision by the court of all support orders for children and divorced spouses to insure that such funds are not used to support or contribute to racially discriminatory institutions. Finding funds so used, the court would be required to revoke or amend its decrees of support.

The constitutional prohibition against state aid to private segregated schools has thus far been applied in cases of significant aid and has usually involved implementing an established substantial plan or policy deliberately directed toward assistance and support of such schools. The Court said in Norwood v. Harrison, supra, "A State's constitutional obligation requires it to steer clear not only of operating the old dual system of racially segregated schools but also of giving *significant* aid to institutions that practice racial or other invidious discrimination."

We do not believe such constitutional obligation requires its judiciary to examine its every judgment and decree to determine if there is derived therefrom some incidental aid or benefit to a segregated institution. In the instant case, such benefit cannot be said to be substantial. The primary purpose and concern of the decree is not to support or foster segregated schools, but to provide for the welfare of minor children. The decree is limited to an individual and isolated case. There is no state fostered plan or policy involved. And aid to a racially segregated school is merely incidental.

In the vernacular of Norwood v. Harrison, supra, there must be allowed room for "play in the joints" in the construction of the state's constitutional obligation to maintain a unitary school system and to avoid giving aid to institutions practicing racial discrimination.

Though unnecessary to our decision of affirmance, we are of the opinion that the decree appealed from does not violate the Fourteenth Amendment or any other constitutional prohibition.

The decree of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.