Laura Burford Pruett, hereafter called plaintiff, appeals from an award for child support and attorney's fee contained in a judgment of divorce. We affirm.
After some 14 years of marriage and the birth of four children, plaintiff sought divorce for incompatibility. Judgment of divorce was granted.
Plaintiff was granted monthly child support of $325.00 and $250.00 for attorney's fee. Defendant was directed to maintain life insurance policies in the amount of $150,000.00 upon his life with the children as beneficiaries. He was directed to maintain policies of insurance presently in force upon the lives of the children. He was directed to maintain a major medical insurance policy for the children. In addition, the right to claim the children for income tax dependents was granted to plaintiff.
Defendant is employed as a commission insurance salesman. His income before expenses and retirement deductions was approximately $20,000.00 in 1974. His gross income per year after retirement and expenses was approximately $16,000.00. His monthly income before taxes was calculated to be between $1,350.00 and $1,500.00.
Plaintiff has a sizeable estate in stocks derived from gifts and inheritance. Further inheritance is pending settlement. Her income in 1974 was some $19,000.00 before taxes. Plaintiff was given title to the $95,000.00 home in which the family has lived for some four years. There is an unpaid balance of $16,000.00 to $18,000.00 owed on the home. The primary source of funds invested in the home came from gifts to plaintiff from her father. The personal funds of plaintiff have apparently substantially contributed to the life-style of the family throughout the marriage.
Plaintiff on appeal submits that the award of $325.00 per month support for four children is so little as to be an abuse of discretion by the trial court.
We have carefully reviewed the record to determine if the award is so unsupported by the evidence as to be unjust *Page 582 
and palpably wrong. Such is the test placed upon a reviewing court in order to overcome the presumption of correctness which accompanies a judgment rendered by the trial court after oral hearing. Sellers v. Sellers, 50 Ala. App. 158, 277 So.2d 616.
Considering the income of defendant after reasonable estimate of deduction for taxes, state, federal and F.I.C.A., together with the cost of implementing the total award given by the judgment, we are unable to find error. The actual cost of the award, including support and insurance is above $400.00 per month. The loss of dependency of the children for tax purposes will materially lessen the net income of defendant. The result may be calculated to take more than one-third of defendant's income.
The test of determining the reasonableness of an award for child support has at least two facets. The needs of the children and the ability of the father to pay. Barber v.Barber, 51 Ala. App. 448, 286 So.2d 852, cert. den., 291 Ala. 772, 286 So.2d 857. It is seldom that the first is met or exceeded by the latter. Such result is one of the unfortunate consequences of divorce. If the ability of the father to pay is so exceeded that he is unable to meet his own cost of self maintenance without sinking into insolvency, the best interests of the children are not served. The equities of each must be weighed by the court. We find the judgment of the trial court to have reasonably balanced the equities within its discretion according to the evidence.
Plaintiff complains also of the form and substance of the judgment awarding attorney's fee.
The court used unusual language by awarding an attorney fee of not less than $250.00. Regardless of the language, the amount required of defendant is definite and certain. The matter of award of an attorney's fee to the wife is solely within the discretion of the court. Donahey v. Donahey,52 Ala. App. 596, 296 So.2d 188. There is no requirement that the award cover all the fee which the attorney may earn or have charged the wife.
Finding no basis for disturbing the decree below, we affirm it. Attorney's fee as requested by appellant is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.