The parties to the proceedings before this court were divorced by order of the Morgan County Court on October 4, 1972. The wife was given custody of the two minor children, and the father was ordered to pay child support in the amount of $50 per month for both children. The father was also given certain visitation privileges.
On January 29, 1976 Bonnie S. Hayes, the former wife, filed a petition in the Morgan County Court alleging that Larry Wayne Hayes, the former husband, was $1,650 in arrears in child support payments. The petitioner asked that he be ordered to pay this amount and, furthermore, that he be required to show cause why he should not be placed in contempt for failure to comply with the original child support order. Mrs. Hayes also requested the court to modify the former decree by increasing the child support payments from $50 a month for the two children to $300 per month for both of them, revise the visitation schedule, and award her a reasonable sum for attorney's fees.
A hearing at which both parties appeared and testified was held on the petition. At the conclusion of the hearing the court found Mr. Hayes, the appellant herein, in arrears in child support in the amount of $1,450 and held him in contempt for failure to pay child support as previously ordered. Mr. Hayes was incarcerated in the Morgan County jail.
The order further provided that appellant might purge himself of contempt by posting a cash bond of $1,500 to assure future compliance with the court's orders and pay the arrearage, court costs and attorney's fee of $300. The court also modified the former child support decree by increasing child support payments from $50 a month for both children to $250 a month for the children; requiring appellant to pay all medical expenses of the minor children; and permitting appellant to have visitation with his children at the sole discretion of Mrs. Hayes, the appellee, and upon the condition that he pay the child support payments as ordered.
On April 29, 1976 Mr. Hayes appealed to this court from the order of modification of the former decree and the contempt citation rendered on April 28, 1976. His motion for a stay of execution of the contempt citation was denied on May 5, 1976.
Mr. Hayes next filed a petition in the Circuit Court of Morgan County seeking the issuance of a writ of habeas corpus, alleging that he was unable financially to comply with the order of the Morgan County Court. A return was filed and the circuit court, in effect, denied the writ without reaching the merits of the controversy. Hayes then filed a petition for habeas corpus in this court and also asked us for a stay of execution until we could review the matter. We ordered Hayes released from custody upon his posting a bond in the amount of $1,500 with good and sufficient sureties, pending disposition of the request for the writ of habeas corpus.
The proper remedy for review of a contempt proceeding is by habeas corpus if the party is in jail, or by certiorari if the party is not, and appeal is not the proper remedy.Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308
(1969). *Page 772 
Appeal not being the proper remedy for a resolution of the contempt order, it cannot be considered in this proceeding. Only the validity of the Morgan County Court's modification order will be considered. Review of the contempt order will have to be treated in another proceeding.
Appellant raises two issues in his appeal from the modification decree: (1) whether the amount awarded as child support is excessive and unreasonable, and (2) whether the change in visitation, by placing in the mother the authority to deny visitation to the father, exceeded the court's authority.
In a child support case the presumption is that the trial court's decree is correct. To overcome that presumption, the appellant must convince the reviewing court that the award is so unsupported by the evidence as to be plainly and palpably wrong. Pruett v. Pruett, Ala.Civ.App., 333 So.2d 580 (1976). The guide to be followed by both trial courts and reviewing courts in determining the sufficiency of the amount of child support awarded is the need of the child or children tempered by the ability of the father to pay. Barber v. Barber,51 Ala. App. 448, 286 So.2d 852, cert. den. 291 Ala. 772,286 So.2d 857 (1973).
As we observed in Pruett:
 "It is seldom that the first is met or exceeded by the latter. Such result is one of the unfortunate consequences of divorce. If the ability of the father to pay is so exceeded that he is unable to meet his own cost of self maintenance without sinking into insolvency, the best interests of the children are not served. The equities of each must be weighed by the court." 333 So.2d at 582.
The evidence showed without dispute that appellant, a truck driver, has gross earnings of $235 every ten days. Due to layovers in California and Florida he does not average more than two trips a month. Appellant stated that after taxes and expenses incurred on his trips, his net income averages from $210 to $225 per month. His fixed expenses per month, consisting of a payment on a house trailer which was awarded to him in the divorce decree, rent for space to park the trailer, payment on a 1972 Volkswagen that has been refinanced, and utility payments, total $194.
In addition to these fixed expenses appellant must pay income tax, FICA and Blue Cross-Blue Shield insurance premium. When these amounts are deducted from appellant's gross income there is not enough money left to pay the amount ordered to be paid by the modified decree.
Furthermore, there is no evidence in this record to support a conclusion that appellant's income will substantially increase in the immediate future. In fact, the evidence is to the contrary. The record shows that appellant earned three dollars an hour in the first job he had after being discharged from the army. In subsequent jobs, including his present one, he has earned approximately $235 every two weeks. To enforce the payment of $250 per month child support against the appellant, in light of his present income, would not serve the best interests of his children. The trial court erred in this aspect of its decree.
We consider next appellant's contention that the trial court erred in changing the visitation schedule by leaving to the total discretion of the mother the time, place and length of appellant's visit with his children. We begin by pointing out that much discretion is left to the trial court in the settlement of visitation rights between the parents. Skipper v.Skipper, 280 Ala. 506, 195 So.2d 797 (1967). Each case must be decided on its own peculiar facts and circumstances.
In the case at bar, during the three and one-half years between the divorce in 1973 and the modification decree, appellant has seen his children on only two occasions. During the summer, 1975, the children spent two weeks with him at his parents' home; they visited again for ten days at Christmas, 1975. The evidence showed that, other than these times that he visited with the children, appellant has not contacted them. He did not send them Christmas cards or birthday cards or birthday *Page 773 
presents, although the children did receive some clothes from appellant one Christmas. In view of these facts and circumstances, we cannot say that the trial court abused its discretion in revising the visitation arrangement for the appellant, particularly in view of the statement of the appellee that she has never refused appellant the right to visit with or talk to the children and would not in the future refuse him reasonable visitation periods and times.
The Morgan County Court's modification order is affirmed in part, reversed in part and remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.