This is a divorce case. The Circuit Court of Montgomery County awarded custody of the parties' two year old male child to the mother.
The father appeals and contends through able counsel that the trial court erred in failing to award custody to the father. We do not find such an abuse of discretion that requires reversal and affirm.
The record reveals that the father is a sergeant in the United States Air Force and that he plans to make the military his career. The mother is a Filipino and is not an American citizen. The parties lived together prior to their marriage. Apparently, the parties married after the birth of the child.
The evidence is in conflict as to the mother's conduct toward the child. Members of the father's family testified the mother did not properly care for the child. Other witnesses and the mother testified that she did properly care for the child. We do not deem it necessary to set out the testimony in detail.
The father in brief contends that the advantages to the child would be far greater with the father than with the mother. This contention is in large measure based on the fact of the mother's foreign birth and the parties' different financial status. *Page 502 
As this court has stated oftentimes, cases dealing with custody of children are among the hardest to deal with and courts are seldom satisfied in all respects with the results reached. However, the overwhelming consideration in cases of this nature is the welfare of the children. Blankenship v.Blankenship, 248 Ala. 489, 28 So.2d 409 (1946) [and numerous other cases; 8 Ala.Dig. Divorce 298 (1)]. The trial court heard the evidence, observed the witnesses, and based its decision on these factors in arriving at its determination that the welfare of the child would best be served by the mother having primary custody of the child. There is a strong presumption favoringthe trial court's findings in cases of this class. 2A Ala.Dig.Appeal and Error 931 (1).
We are further mindful, as our now Presiding Judge Wright stated in Turner v. Turner, 46 Ala. App. 350, 242 So.2d 397
(1970), there is no law in this state which gives either parent priority as to the right of custody. It is usually that a child or children, particularly a girl of tender years, is considered to need the peculiar care of the mother, but such consideration is subject to the predominant rule of the best interest and welfare of the child or children. Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737 (1965); Hammett v. Hammett, 46 Ala. App. 206,239 So.2d 778 (1970).
In view of the presumption favoring the trial court's finding and the primary consideration being the welfare of the child, this court cannot say the trial court committed reversible error in awarding the primary custody of the child to the appellee-mother.
This court may not substitute its judgment for that of the trial court with respect to the custody of children in a divorce case. Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707
(1975). The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.