EDWARD N. SCRUGGS, Retired Circuit Judge.
The issue presented for our decision is whether the trial court failed to award a sufficient amount for the support of the minor child of the parties.
In this divorce action the trial judge heard the evidence. There was testimony of the earnings, debts, monthly expenses, past and present financial condition, and some history of employment and spending practices of both of the parties. The needs of their four year old child were enumerated. Evidence was presented that, in another case, the defendant became obligated to support his two minor children mothered by one other than the plaintiff. There was further testimony that the father earns approximately $900 per month. The circuit court rendered a divorce, awarded custody of the child to the plaintiff, and ordered the defendant to pay to the plaintiff as child support $25.00 per month for the first six month period, $50.00 per month for the second six month period, and, thereafter, $25.00 per week. The plaintiff appeals, contending that such award for the support of the child is grossly inadequate.
Since the trial judge personally heard the evidence presented by each side, we are permitted to disturb his decision only if the amount of the award was so unsupported by the evidence as to be unjust and palpably wrong. Fuller v. Fuller, Ala. Civ.App., 368 So.2d 30 (1979); Murphree v. Murphree, Ala.Civ.App., 366 So.2d 1132 (1979); Morrow v. Morrow, Ala.Civ.App., 351 So.2d 923 (1977); Pruett v. Pruett, Ala.Civ.App., 333 So.2d 580 (1976).
The test of determining the reasonableness of an award for child support has at least two facets. The needs of the children and the ability of the father to pay. Barber v. Barber, 51 Ala.App. 448, 286 So.2d 852, cert. den., 291 Ala. 772, 286 So.2d 857. It is seldom that the first is met or exceeded by the latter. Such result is one of the unfortunate consequences of divorce. If the ability of the father to pay is so exceeded that he is unable to meet his own cost of self maintenance without sinking into insolvency, the best interests of the children are not served. The equities of each must be weighed by the court. We find the judgment of the trial court to have reasonably balanced the equities within its discretion according to the evidence.

Pruett v. Pruett, supra.

We have studiously read, reread and compared all of the evidence in this case and have weighed the equities herein, but we cannot reach the conclusion that the child support award was unjust and palpably wrong. Therefore, the trial court’s judgment should not be disturbed. We affirm.
Request for an attorney’s fee on appeal is denied.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.