SCRUGGS, Retired Circuit Judge.
This is a divorce case.
Generally, only those portions of the divorce judgment and of the evidence which are relevant to the issues before us and which comport with the prevailing presumption governing appellate review shall be detailed or discussed herein.
After conducting the ore tenus trial, the circuit court divorced the parties for incompatibility of temperament; granted to the wife the custody of the four youngest children, who were fifteen, fourteen, eleven and seven years of age; gave custody of the sixteen-year-old son to the husband; and ordered the husband to pay to the wife as child support the sum of $128 per week for the four children in her custody. Additionally, he was required to continue to maintain medical insurance coverage upon the minor children and to pay all doctor, hospital, dental and prescription drug expenses of the minor children not covered or paid by his insurance. The judgment vested the wife’s interest in the home and in most of the furniture in the husband, who was made responsible for the home mortgage indebtedness. The husband was directed to pay to the wife $5,000 as a property settlement for her interest in the home and furniture which was awarded to him.
The wife’s present complaints are: (1) that the weekly child support payments are so inadequate as to constitute a palpable abuse of discretion; (2) that the award of the home to the husband was clearly unjust, or (3) that the $5,000 adjudication was so inadequate as to be plain error.
An award of child support and division of the property lie within the sound judicial discretion of the trial court which hears the witnesses testify, and will not be disturbed upon appeal except for a palpable abuse of that discretion. Hall v. Hall, 391 So.2d 122 (Ala.Civ.App.1980); Coffelt v. Coffelt 390 So.2d 652 (Ala.Civ.App.1980).
(1)
Both parties testified to expenses which exceeded their then incomes. At trial time the wife received temporary total workmen’s compensation benefits of $677 per month from her former employer and $75 per week from the husband as voluntary payments of child support for the four children in her custody. His take-home salary as a production foreman fluctuated around $600 every two weeks depending upon overtime worked by him. There were deductions from his paychecks for an investment and for a credit union. His borrowing against the investment funds almost equals his accumulated deposit therein, and the debt to the credit union greatly exceeds his credit union deposit of approximately $50. In addition to his weekly payments for the expenses of the four younger children, he was supporting himself, their oldest minor son, and the wife’s 17-year-old son by her previous marriage, for whom the husband has provided support since the boy was three weeks old.
The amount of the award of child support to be paid to the wife was a factual matter which called for the exercise of the trial court’s discretion. No legal mathematical formula has been accepted which provides a yardstick whereby exact amounts to be paid for the support of children may be ascertained, for every case is different with many variables. The particular needs of individual children and the relative ability of a parent to fully, or partially, pay for, or otherwise meet, those needs are the two primary facets which are utilized by courts in ascertaining a reasonable award for the support of children. Edison v. Edison, 384 So.2d 1118 (Ala.Civ.App.1980). We have reviewed the entire record, studied the briefs and authorities cited therein, listened attentively to the wife’s oral argument and have done considerable independent legal research, but we find no abuse of discretion in the periodic child support award of $128 per week, which amounts to $554.67 each month or $6,656 annually. In connection with that award, it must be considered that the husband must also be fully and totally responsible for all health needs of the minor children, which is a requirement of considerable consequence and responsibility.
*698 (2)
The home is situated across the street from his father’s house, near the outskirts of McIntosh and in the region of the husband’s place of employment. In September 1980, the wife, moved to Prich-ard and rented a house, where she and the four children have since resided, with those children being enrolled in local schools in Chickasaw and Prichard. The oldest child attends McIntosh High School. The wife testified that all of her people moved to Mobile, and, thereafter, she traveled to and from Mobile so frequently to visit them that she obtained a pistol permit for protection since she was on the highway so much. Before she moved, she alternated, in time increments of two to three days each, between staying at home and staying in Mobile. The husband testified that his roots and job are in McIntosh, that he wants to remain there, whereas the wife had expressed on multiple occasions a continuing desire to move to and reside in or near Mobile. Under these conditions, it was neither unjust nor unreasonable to award the home to him.
(3)
The question then evolves as to whether the $5,000 award in lieu of the home and some of the furniture constituted reversible error.
The parties acquired joint ownership in the home in 1973 at a cost of $13,500 and no improvements have been made to it since that time except for the installation of some carpeting. The mortgage against the home was through the Farmer’s Home Administration for a 30-year period payable by monthly installments of $91. Her estimate was that the home is now worth from $25,000 to $30,000; however, the husband placed its value at $20,000. The evidence as to the amount then due upon the home mortgage varied from a low of $9,000 to a high of $12,000. The evaluation which the parties placed upon the furniture, which is old and which was used during the rearing of their children, fluctuated from $4,000 to $12,000. Their equity in the home could have been as low as $8,000, and one value placed upon all of the furniture was only $4,000, but the wife was awarded some of it. Accordingly, we cannot hold that the award to her of $5,000 for her interest constituted an abuse of discretion. To alter that amount on appeal would be an unauthorized substitution of our judgment for that of the trial court.

Conclusion

Primarily, questions of fact, or conclusions and adjudications based upon findings of fact, are involved in this case. Trial judges must have, and exercise, judicial discretion in divorce cases concerning the amount of child support and the division of property. The learned trial court was not palpably wrong in its judgment. There was evidence which was supportive of that court’s decision. It was not unjust. We must affirm, as there was no abuse of judicial discretion.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.