EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
I.
The husband complains that the trial court incorrectly overruled his motion for a change of venue. However, such a ruling may not be reviewed by this court upon an appeal from a final judgment in the cause. Davis v. Marshall, 404 So.2d 642 (Ala.1981); NYTCO Services, Inc. v. Wilson, 351 So.2d 875, 882 (Ala.1977).
II.
In her divorce complaint, the wife sought pendente lite support from the husband for their three sons who were then seven, six and four years of age. On the date of the hearing thereon, the husband appeared without counsel and, after a discussion, reached an agreement through the wife’s attorney whereby he agreed to pay $700 per month as temporary child support. In open court, the trial court reviewed the proposed agreement with the husband to assure that the husband understood it. Under those circumstances, we find no evidence that the attorney represented anyone other than his client, the wife. The trial court properly approved the agreement and correctly entered the pendente lite order. In the month between the rendition of the temporary order and the final hearing, the husband admittedly made no payments for temporary child support. There is no error as to any argued matter relative to his being adjudged to have been in contempt of court for such non-compliance with the temporary child support judgment of the trial court.[1]
III.
In its final judgment, the trial court ordered the husband to provide support of $180 per month for each child. The amount of child support falls within the sound discretion of the trial court and, when the trial court hears the evidence ore tenus, we must presume that the judgment is factually correct and may not disturb it unless the judgment is palpably wrong. Reed v. Reed, 404 So.2d 696 (Ala.Civ.App.1981); Edison v. Edison, 384 So.2d 1118 (Ala.Civ.App.1980); Pruett v. Pruett, 333 So.2d 580 (Ala.Civ. App.1976). Those cases each further hold that the needs of the children and the ability of a parent to pay are the two primary facets governing the amount of an award for the support of children.
Here, the needs of the children are not disputed; however, the husband vigorously opposes the amount of the award since he was unemployed on the date of the trial and had been without work for a short time previous thereto. During the marriage, he had always worked regularly as a skilled heavy equipment operator. At his last em *78 ployment he earned $6.50 per hour. Previously, his yearly earnings averaged around $15,000, including the year 1981. The wife is unemployed and never worked during the marriage.
A question of fact was presented to the trial court as to the amount of child support to be required from the husband. While the unemployment of a parent is normally a matter to be considered in ascertaining the amount of that party’s contribution toward the support of the children of the marriage, such circumstance is just one of many factors to be reckoned with. In this case, it was within the prerogative of the trial court to be unimpressed with the husband’s testimony as to his present station among the unemployed and with his efforts to obtain employment. Also, that court could have believed from the evidence that, by experience and opportunity, the husband was merely temporarily unemployed. There is supportive evidence that the husband is capable of working and earning a sufficient income to pay the ordered child support. Campbell v. Campbell, 377 So.2d 1098 (Ala.Civ.App.1979). We find no abuse of discretion in this regard as of the date of the trial. Though high, the child support award was not palpably wrong. Of course, the present decision does not preclude modification of the child support provisions of the judgment if appropriate circumstances and conditions occur and exist after the entry of the final judgment.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama (1975), and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.

. The proper remedy to review a contempt order is through an extraordinary writ; however, we have opted to write to the merits thereof. Thomas v. Thomas, 406 So.2d 939 (Ala.Civ.App.), cert. denied 406 So.2d 943 (Ala.1981).