BRADLEY, Judge.
This is a divorce case.
The parties to this appeal were divorced by decree of the Circuit Court of Jefferson County, Alabama on February 13, 1984. The court awarded custody of the parties’ only child, a four year old son, to the father with certain visitation rights in the mother, and divided certain property between the parties.
The parties were married on November 24, 1976, separated on July 19, 1983, and finally divorced on February 13, 1984.
The issues on appeal are (1) whether the trial court erred in awarding custody of the child to the father, and (2) whether the trial court erred in its division of certain items of property.
The controlling factor in child custody cases is the best interests and welfare of the child. Ex parte Devine, 398 So.2d 686 (Ala.1981). At trial each party made charges of misconduct against the other party. The wife accused the husband of abusive behavior and excessive drinking; the husband accused the wife of committing adultery. The trial court observed the witnesses while testifying and, based on their testimony, awarded custody of the child to the father.
In an ore tenus hearing it has been repeatedly held that the trial court’s judgment is presumed correct and will be reversed “only if after consideration of the evidence, and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong.” Turner v. Turner, 46 Ala.App. 350, 242 So.2d 397 (Ala.Civ.App.1970). See also, Cory v. Cory, 429 So.2d 1096 (Ala.Civ.App.1983). There is a strong presumption given to a trial court’s findings based on the best interests of the child in a child custody case. See, e.g., Mothershed v. Mothershed, 348 So.2d 501 (Ala.Civ.App.1977).
Clearly, from the evidence presented at trial, the trial court could have determined that it was in the best interests of the child to be placed in the custody of the father. The father appears to be a hard worker, making from $15,000 to $16,000 a year, and has family to help him care for the child. Also, he has enrolled the child in a pre-kindergarten school. Before she separated from her husband, the wife had been seen on two occasions with a man alleged to be her paramour. When the wife left the husband and took the four year old son with her, she first went to a place in Florida and then to Marmaduke, Arkansas. The wife’s alleged paramour had friends and relatives in both Florida and Arkansas. When the father found the wife and child, they were living with relatives of the wife’s alleged lover.
In view of the presumption favoring the trial court’s findings and the evidence contained in the record, we cannot say that the trial court improperly awarded custody of the child to the father.
The wife’s second contention is that the trial court committed reversible error in its division of certain items of property. Specifically, the wife contests the awarding of the 1978 Monte Carlo, 1970 Nova, and 1963 Ford pickup to the husband.
The determination of the division of property is within'the sound discretion of the trial court and “[is] not to be reversed on appeal absent a manifest abuse of discretion.” Goodman v. Goodman, 366 So.2d 281 (Ala.Civ.App.1979). The trial court awarded the parties’ residence to the wife and the vehicles to the husband. The wife had acquired the house by a previous *831 marriage, and the husband alleged that he had paid for the vehicles.
It was made known to the court in the application for rehearing that the 1978 Monte Carlo had been wrecked and the insurance company was holding the money awaiting a claim. The court amended its decree to award the insurance money to husband..
We do not find from the evidence introduced at trial that the award of the remaining vehicles or insurance proceeds to the husband was reversible error. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.