471 So.2d 422 (1985)
Arley Leroy BEENE
v.
Joy Kay (Beene) HESTER.
Civ. 4619.
Court of Civil Appeals of Alabama.
April 3, 1985.
As Corrected on Denial of Rehearing May 8, 1985.
*423 John W. Cooper, Valley Head, for appellant.
*424 Charles E. Mauney, Fort Payne, for appellee.
HOLMES, Judge.
This is a child custody modification case.
The mother sought to modify the original divorce decree that awarded custody of the parties' two minor children to the father during the school year.
After an ore tenus hearing, the trial court modified the original decree and awarded custody of the children to the mother during the school year. The father was awarded custody of the children during the summer months. Put another way, the trial court reversed the prior custody arrangement.
The father, through able counsel, appeals, contending that the evidence does not support the action of the trial court in modifying the original divorce decree. We disagree and affirm.
Viewing the record with the attendant presumptions of correctness, the following is revealed.
The parties were divorced in November of 1983. Custody of the two children, now three and eight years old, was awarded to the father during the school year and to the mother during the summer months. Each party had visitation privileges during the other's custody. The original custody decree was by agreement of the parties.
In January 1984, some three months after the divorce, the father and children moved to Georgia because of the father's occupation as a construction worker. During the week, the children were left in the custody of the father's mother, whose home was in Trion, Georgia. The father would return on weekends to keep the children. The older child, who was enrolled in the second grade in Alabama, was transferred to a school near Trion. This arrangement lasted less than one month.
There was evidence that in February the father told the mother that he could not care for the children and wanted her to take custody. Four weeks after moving to Georgia, the children moved back with the mother in Alabama, and the older child was re-enrolled in his former school.
In March 1984, the father, again, took the children and moved to another location in Georgia. Again, the older child was transferred from his school in Alabama to a school in Augusta, Georgia. On this occasion, both children lived with the father in a one-room apartment near his job and remained there until the end of the school year.
Testimony was that both children returned from stays with their father with sores and infections on their skin, apparently caused from uncleanliness.
In addition, the trial judge interviewed the older child in camera, and the testimony from that interview is contained in the record. The child stated that he wanted to stay with his mother and go to the school in Alabama.
In June 1984, approximately seven months after the divorce, the mother filed a petition to modify the original divorce decree because of the enrollment of the older child in several different schools during the previous school year. The petition also referred to the skin infections that the children suffered while living with the father.
After an ore tenus hearing, the trial court awarded custody of the children to the mother during the school year and to the father during the summer months. Each party was also awarded certain visitation rights, and the father was ordered to pay an amount in child support.
As stated, the father appeals, contending that the evidence does not support the action of the trial court in modifying the original divorce decree.
When, after an ore tenus hearing, the trial court renders its judgment to modify the child custody provisions of a divorce decree, this court presumes that the trial court correctly applied its discretionary authority and adjudged the best interests of the children. This court will not disturb that judgment unless it is so unsupported by the evidence as to appear plainly wrong. *425 Cook v. Cook, 462 So.2d 370 (Ala.Civ.App. 1984).
In every case of this nature, the primary concern of this court is the welfare of the children. Jenkins v. Jenkins, 395 So.2d 1045 (Ala.Civ.App.1981).
In order to modify the child custody provisions of a divorce decree, the parent seeking custody must show that the change of custody "materially promotes" the child's best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
Here the trial court heard the evidence, observed the witnesses, and determined that the change in custody would "materially promote" the best interests of the children.
There was evidence that the father moved on a very frequent basis because of his employment, that in the 1983-84 school year alone the older child was transferred to different schools on three occasions, that both children had contracted a skin infection from unclean conditions while in the father's custody, and that the older child wanted to live with his mother and attend his former school.
In view of all the evidence, the presumption favoring the trial court's finding, and the primary consideration being the welfare of the children, this court cannot say that the trial court erred in modifying the original divorce decree awarding custody of the children to the mother during the school year and to the father during the summer months. Stated differently, with particular emphasis on the desirability of a stable school environment, there is evidence that a change in custody would "materially promote" the best interests and welfare of the two children.
For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Mothershed v. Mothershed, 348 So.2d 501 (Ala.Civ.App.1977).
The father also contends that the mother was living with her boyfriend and that they were having sexual relations in the presence of the children.
We note, however, that there was conflict in the evidence as to this contention. It was, therefore, the trial court's duty to resolve that conflict. Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App.1982).
It is, however, without conflict that the mother is now married to the individual that the husband complains of, and there is evidence that there exists a stable home environment.
The father in brief also apparently contends that the trial court erred in its action requiring the father to contribute to the support of the children.
The mother had requested $100 per month as support for the children. The trial court awarded sixty dollars per month while the husband was employed and thirty dollars per month during any month he was unemployed. These sums are to be paid only when the children are in the primary custody of the mother. He was also required to pay all medical and dental bills as provided in the original decree.
Needless to say, we find no abuse of discretion in the rather meager child support award. Hall v. Hall, 391 So.2d 122 (Ala.Civ.App.1980).
The father has requested an attorney's fee for his representation on appeal. The request is hereby denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.

ON REHEARING
HOLMES, Judge.
In his brief in support of his application for rehearing, the father states that this court's opinion is based on certain erroneous findings of fact. We find no material error in the facts and remind the father that the trier of fact has the responsibility of resolving conflicts in the evidence, and, *426 furthermore, under the ore tenus rule, this court presumes the trial court's judgment to be correct on appeal. See Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App.1982); Cory v. Cory, 429 So.2d 1096 (Ala.Civ.App. 1983). Put another way, we view the record with the attendant presumptions accorded the trial court's action.
The father, in part, states that this court misstated the amount awarded as child support. The father is correct in this regard. The mother requested $100 per week as child support. The trial court awarded sixty dollars per week while the father was employed and thirty dollars per week during any unemployment. As indicated earlier, there are two minor children.
The amount of child support, however, does not change the basis of this court's opinion, as we still do not find that the trial court abused its discretion in awarding such an amount. Thompson v. Thompson, 428 So.2d 76 (Ala.Civ.App.1983).
OPINION CORRECTED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.