This is a child custody modification case.
The parents were divorced in January 1986. They had two children, ages five and seven. In the divorce decree custody of the children was given to the father. In March 1986 the mother sought to modify the original divorce decree and filed a motion for change of custody. After the evidence was given ore tenus, the trial court modified the decree and awarded custody of the children to the mother. The court also awarded child support, in the amount of $100 per month, to be paid by the father.
The father appeals, contending that the trial judge abused his discretion as the evidence was insufficient to support the modification of the divorce decree by changing custody of the children and awarding child support.
When upon ore tenus evidence the trial court modifies the child custody provisions of a divorce decree, this court presumes that the court correctly applied its discretionary authority and adjudged the best interests of the children. We will not disturb that judgment unless it is so unsupported by the evidence as to appear plainly wrong. Beene v. Hester,471 So.2d 422 (Ala.Civ.App. 1985).
The primary concern of this court is the welfare of the children in any case involving the modification of child custody provisions of a divorce decree. Jenkins v. Jenkins,395 So.2d 1045 (Ala.Civ.App. 1981). In order to modify those provisions, the parent seeking custody must show that the change of custody materially promotes the child's best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala. 1984).
In this case the trial court heard the evidence, observed the witnesses and determined that the custody change would materially promote the best interests of the children. The record reveals that since the time of the divorce the mother has moved into a new home and has adjusted her lifestyle so as to better care for her children and is a fit parent. There was testimony that the mother provides a good home for the children and is better able to give them care and understanding than is the father. There was also testimony that any disruption in the children's lives would be minimal. The father had custody for only some three months and the children had been with the mother often during that time. The schools, church, and daycare they attend would remain the same. The father testified that he didn't think the lifestyles of the children would change much at all. He also testified that it wouldn't really matter where the children lived because they knew that both parents loved them. The children reportedly wished to be with the mother.
In the light of the evidence, the presumption favoring the trial court's finding, and our concern for the welfare of the two children involved, we cannot say the trial court erred in awarding custody to the mother. We may not substitute our judgment for that of the trial court. Beene, supra.
The father also contends that the trial judge abused his discretion in awarding child support, in the amount of $50 per child monthly, to be paid by the father. An award of child support is a matter within the sound discretion of the trial court and will not be reversed on appeal except for palpable abuse. Spears v. Spears, 382 So.2d 572 (Ala.Civ.App. 1980). We find no abuse of discretion in the award of child support.
The father has requested attorney's fee for his representation on appeal. The request is denied. The mother's request for attorney's fee is granted in the amount of $400. *Page 1235 
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.