This is a child custody modification case.
The parties were divorced in June 1987. Pursuant to the divorce decree, custody of the parties' minor son was awarded to the mother. In October 1987, pursuant to a joint petition for modification, custody of the minor child was transferred to the father.
Two years later, the mother filed a petition for modification of custody, alleging a material change in circumstances. Evidence was presented to the trial court ore tenus, and the trial court awarded custody to the mother.
It is from this determination that the father appeals.
Initially, we note that the parent seeking a modification in custody has a stringent standard to meet. Benton v. Benton,520 So.2d 534 (Ala.Civ.App. 1988). Consequently, the mother in this case must have established by the evidence that the custody change would materially promote the child's interests so that the inherently disruptive effect caused by uprooting the child is overcome. Ex Parte McLendon, 455 So.2d 863
(Ala. 1984).
In cases where the trial court is presented evidence ore tenus and subsequently modifies a child custody decree, we presume that the trial court was correct in its exercise of discretion and that it correctly determined the best interests of the child. Voloshik v. Voloshik, 505 So.2d 1233
(Ala.Civ.App. 1986). Likewise, we will not alter that judgment on appeal absent a determination that it is so unsupported by the evidence as to be plainly and palpably *Page 359 
wrong. Voloshik. In other words, we may not substitute our judgment for that of the trial court. Voloshik.
We have examined the evidence presented to the trial court which reveals that since the last custody modification the son's academic progress has been slow, especially with regard to his reading skills. While the father has remarried, his new wife has difficulty with the English language and would be unable to assist in this area of the child's education. Also, the father is in the military and will be moving to Germany on an extended assignment. Thus, if the ten-year-old son remains with his father, he will be faced with significant cultural changes and will be, for the most part, deprived of any significant contact with his mother, grandparents, and other relatives and friends for the next three years.
On the other hand, the mother has also remarried and lives in Mobile, Alabama, where she intends to enroll the child in a private school so that his academic progress can be accelerated. Likewise, the mother, who is a registered nurse, has an educational background that should provide her with better skills for tutoring the son in his school work. We further note that the child will be "uprooted" whether the move is to Germany or to Mobile, Alabama.
In view of this record evidence and the presumption of correctness that attaches to the trial court's finding, we cannot find that the trial court erred in changing custody to the mother.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.