185 So.2d 135

Carolyn Marcelle SNEAD

v.

Curtis Edward SNEAD, III.

7 Div. 692.

Supreme Court of Alabama.

March 31, 1966.

Jas. F. Hinton, Gadsden, for appellant.

Clarence Simmons, Jr., and Barry N. McCrary, Gadsden, for appellee.

LIVINGSTON, Chief Justice.

On August 8, 1955, the Circuit Court of Etowah County, in Equity, rendered a decree granting a divorce to the appellant, Carolyn Marcelle Snead, from her husband, Curtis Edward Snead, III, the appellee, on the ground of cruelty. The decree awarded custody of the parties' son, Curtis Snead, IV, and daughter, Donnie Snead, to the

mother, subject to prescribed visitation rights of the father. An award of $125.00 per month for alimony and child support was made. In addition, complainant was to receive 50 per cent of respondent's net income over and above $3,000 per year as shown by respondent's federal income tax return.

On January 5, 1965, the husband filed a petition for modification of said decree. After a hearing on evidence ore tenus, the trial court rendered the decree of modification, on April 7, 1965. In this decree, the custody was given to the father, with reasonable visitation rights being given to the mother. The decree also discontinued payment by the father to the mother of $125.00 per month for alimony and child support. The wife brings this appeal from the decree of modification.

■ A decree of divorce with alimony and child support, and custody of the children will not be modified unless there is a showing of changed conditions which would justify the modification. Featherston v. Featherston, 271 Ala. 238, 123 So.2d 120; Wood v. Wood, 276 Ala. 90, 159 So. 2d 448.

In Featherston v. Featherston, supra, it was said:

"Each case of the kind now under consideration must rest upon its own facts and circumstances with, of course, the principle always in mind that the welfare of the child is of paramount importance. Hale v. Hale, 259 Ala. 666, 68 So.2d 63."

We have often observed that where no good purpose would be served by setting out the evidence in detail, we will decline to do so. James v. James, 242 Ala. 140, 5 So.2d 616, and cases cited; Hale v. Hale, supra.

Suffice it to say, that we have studied the evidence carefully. Both parties to the divorce proceedings in 1955 have remarried. In fact, the mother has been married twice since the divorce. The evidence discloses that the father has four children by the second marriage and is now employed in a bank, has been awarded successive raises, and has property interests which indicate his financial ability to take care of the two minors involved, and attends church regularly. On the other hand, the evidence tends to show certain specific immoral acts by the mother between her first and second marriage. The photographic evidence, in our opinion, is not in any sense of the word "Art."

■ We are clear to the conclusion that the evidence supports the holding of the trial court and that the mother is an unsuitable person to have the custody and control of the children.

■■ It has long been the rule of this court that where testimony was heard ore tenus by the trial court, his decision will not be overturned unless it is plainly and palpably wrong. Benson v. Jefferson Mortgage Co., 276 Ala. 72, 159 So.2d 191; Hilley v. Hilley, 275 Ala. 617, 157 So.2d 215; Lewis v. City of Birmingham, 275 Ala. 301, 154 So.2d 657; Alabama-Tennessee Natural Gas Co. v. City of Huntsville, 275 Ala. 184, 153 So.2d 619.

The case is due to be, and is, affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.