This is an appeal from judgment denying modification of child custody. We affirm.
The parties were divorced in 1973. By agreement, custody of two minor children was granted to the mother. Each party has remarried. The father began this action by petition for custody of his son Dale, age 12.
The evidence was heard orally before the judge. He determined that the evidence failed to show any material change of circumstances occurring since the divorce which affects the welfare and best interest of the child. We agree. Basically, the evidence of the father was that the boy now wished to live with him. The boy did indicate that he desired to live with his father. However, only a few days before, he had stated to another judge that he desired to continue living with his mother. A few days prior to that statement, he had indicated a desire to live with his father. In less than a month, the child had made three contrary statements. This indicates only a childish uncertainty probably caused by parental pressure and influence. The testimony indicated that he had become physically ill as a result of the pressure.
There was no testimony that the custody of his mother was in any manner detrimental to the welfare and best interest of the child nor that his welfare would be better served by altering custody. Such being the case, there is no authority for change.In re Ford v. Ford, 293 Ala. 743, 310 So.2d 234 (1975).
It is proper that the court give due consideration to the wishes of a child in determining custody. However, the wishes of the child are not controlling. Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975). After consideration of all the testimony, we are not impressed that the trial court erred in denying the petition of the father. Snead v. Snead, 279 Ala. 344, 185 So.2d 135 (1966).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 1366