Former husband appeals and former wife cross-appeals from a decree by the Circuit Court of Franklin County which denied the husband's petition for custody of two minor children and reduced child support payments from $450 per month to $270 per month. The husband contends on appeal that the so-called "tender years doctrine" is unconstitutional. The wife contends on appeal that the husband failed to show a material change of circumstances sufficient to warrant the reduction of child support payments. We affirm that portion of the decree which denied the requested change of custody and we reverse that portion of the decree which reduced the amount of the monthly child support payments.
After an eight year marriage the parties to this appeal were divorced by a final decree dated June 27, 1977. Their marriage produced two sons, Haffred Neil Taylor, III, born July 5, 1971, and Christopher Eric Taylor, born December 26, 1974. The divorce decree awarded custody of these sons to the mother and ordered the father to pay the sum of $450 per month child support. No appeal from this decree was taken by either party.
In December 1977 the father (who is an attorney) filed a petition to modify the divorce decree, seeking a reduction of the child support payments. The father's petition alleged as changed circumstances that he was insolvent and no longer able to make the required payments. The following month he amended his petition to include a request that he be granted custody of the two minor children.
After an ore tenus hearing in May 1978, the trial court entered a decree dated May 12, 1978 reducing the monthly amount of child support from $450 to $270. The father's request for custody was denied. His motion for a new trial was never ruled on by the trial court.
The father appeals from that portion of the trial court's decree which denied his *Page 339 
request for custody. He contends that there exists no legally sufficient basis for the presumption traditionally entertained by the courts in Alabama that, all other things being equal, the interests of a child of tender years of either sex would be best served by having his or her custody awarded to the mother. The father argues that this "tender years doctrine" is impermissible under the equal protection and due process clauses of both the state and federal constitutions; and that the courts of this state should adopt as a substitute for that doctrine a sex-neutral rule of law designed to insure that custody of minor children is awarded to the more fit parent, without regard to whether that parent is the mother or father.
On the other hand the mother argues that while the constitutionality of the tender years doctrine may have been an issue in the original divorce/custody proceeding, it is not an issue on the father's petition to modify. The mother contends that the issues to be decided on this appeal are: (1) whether the trial court abused its discretion in concluding that the father had failed to prove a material change of circumstances sufficient to warrant changing custody of the children; and (2) whether the trial court erred in reducing the amount of child support payments. She asserts that the trial court correctly resolved the custody issue but erroneously allowed a reduction of child support payments.
Our review of this case is predicated on several well-established principles. The trial court is vested with great discretion in making an award of child custody and setting the amount of child support and will not be reversed except for palpable abuse. Hawkins v. Hawkins, Ala.Civ.App.,346 So.2d 967 (1977); Stilwell v. Stilwell, Ala.Civ.App.,357 So.2d 355 (1978); Travis v. Travis, Ala.Civ.App., 345 So.2d 321
(1977).
Where a judgment or decree is entered by the trial court after hearing the testimony ore tenus, such judgment or decree is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong. Linderman v. Linderman, 49 Ala. App. 662, 275 So.2d 342 (1973).
The modification of a decree awarding custody of a child must be based upon allegation and proof of a material change of circumstances affecting the best interests of the child since the last decree. The proponent of the change in custody has the burden of proving the material change in circumstances.McEntire v. McEntire, Ala.Civ.App., 345 So.2d 316 (1977).
We think the trial court's conclusion regarding the custody of the children is supported by the evidence presented at the hearing. The father contended below that the mother was not properly caring for the children and that the children were suffering from numerous health problems such as ear infections, impetigo, weight loss, nausea, etc.; and that the mother had failed to follow doctors' instructions regarding corrective measures prescribed to correct curvature of the bone in the lower legs of both children. However, the testimony of the owner of the day-care center attended by Chris, and by Neil, III when he is not in school, indicates that the children are normal, well-adjusted, happy, intelligent, well-dressed, clean, well-cared for, and have no unusual health problems. The testimony of the mother indicates that she provides the children with a proper home in a nice residential area, at least two meals a day at home, good clothes, and proper medical care. Her testimony further indicated that Neil, III is making good grades in school, and that she has discussed his progress with Neil, III's teacher on several occasions. She stated that she had removed the twister cables from Christopher's legs on the advice of the physician treating the child.
Under these circumstances and the other evidence presented, we cannot agree that the trial court erred in finding no change of circumstances sufficient to warrant a change of custody.
Moreover, from the record there appears serious doubt as to whether the "tender *Page 340 
years doctrine" (of which the father complains) formed any part of the basis for the trial court's denial of the requested change of custody. To support his request for reduction of the child support payments, the father pleaded and presented substantial evidence (discussed further herein) tending to prove that he was "insolvent." Thus, the father's argument reduces to a contention that the trial court erred by failing to award custody of two minor children to a party who simultaneously contended both that he could provide for the children, and that he was presently unable to provide for himself. We cannot agree that the trial court erred in refusing to accept these contradictory assertions.
Even if it is assumed that the tender years doctrine played a substantial role in the trial court's decision, the father's attack on the constitutionality of that doctrine must fail. The policy supporting the tender years presumption was reiterated by this court in Thompson v. Thompson, 57 Ala. App. 57,326 So.2d 124 (1975), cert. den. 295 Ala. 425, 326 So.2d 129
(1976), where, as here, the appellant attacked that presumption on equal protection grounds. We noted therein that the paramount consideration in determining issues of child custody is the welfare of the child. That opinion also discussed the operation and effect of the tender years presumption and concluded that the doctrine was constitutionally sound.Thompson, supra. We adhere to that position.
Our review of the second issue raised by these appeals is also premised on several well-established principles. A divorce decree providing for child support will not be modified unless changed conditions which would justify such modification are shown. Snead v. Snead, 279 Ala. 344, 185 So.2d 135 (1966). The trial court can in its discretion modify the amount of child support to be paid in the future as changed conditions may justify. Whitt v. Whitt, 276 Ala. 685, 166 So.2d 413 (1964); and the exercise of such discretion is to be disturbed on appeal only if there is such an abuse of discretion as to make the decision plainly and palpably wrong. Travis v. Travis, Ala.Civ.App., 345 So.2d 321 (1977). The burden of proving a material change of circumstances sufficient to warrant a modification of child support is on the petitioner. McEntire,supra; Osborne v. Osborne, 57 Ala. App. 204, 826 So.2d 766
(1976).
The guide to be followed by both trial courts and reviewing courts in determining the sufficiency of the amount of child support is the needs of the children, tempered by the ability of the parent to pay. Hayes v. Hayes, Ala.Civ.App.,337 So.2d 770 (1976); Townsend v. Townsend, Ala.Civ.App., 337 So.2d 4
(1976).
Applying these principles, we think the trial court erred to reversal in its decision to reduce the monthly child support payments from $450 to $270. The mother testified that her current weekly take-home pay was $104.64, and that the monthly expenses for her and the two children were approximately $800 per month. The record further reveals that although the father's income for the year 1976 was $22,554.60, his current income is approximately $12,000 per year.
Other testimony in the record explains the reason for the sudden drop in appellant's income. From 1968 until March 1977, the appellant, H. Neil Taylor, Jr. was a partner in his father, Neil Taylor, Sr.'s, law firm. The net profits from that partnership were shared fifty-fifty between the two partners. Approximately one month before the trial of the original divorce action, the partnership was dissolved and appellant became an associate of his father's firm, receiving $2,500 for his partnership interest. Thereafter appellant's income dropped to its current level of approximately $1,000 per month; an amount which appellant testified he is "unable to live on" because of debts left over from the marriage, court-ordered payments arising from the divorce proceedings, and unusually high personal expenses (appellant has several physical handicaps/afflictions including asthma, bad knees, poor eyesight, a missing foot, and missing fingers and toes, and *Page 341 
consequently incurs larger than normal medical expenses, clothing expenses, etc.).
Appellant's father, Neil Taylor, Sr., testified that his son was demoted to associate status because his son was unable to devote full time to the firm's business during the eight months prior to the original divorce decree when appellant had custody of the two children (October 1976 through June 27, 1977). The elder Mr. Taylor's testimony indicated that because of his son's handicaps, his son's earning capacity has never been and is not now commensurate with the income the son has received from the law firm. During the course of the original divorce proceedings, the partnership's income tax records, etc. were subpoenaed by his son's wife. Mr. Taylor, Sr., "knew this was going to continue from here on out if he [appellant] continued as my partner. I had carried the burden of supporting Neil, Jr. in a style in excess of what he could afford to live on . . . so it got to the point where it is necessary that each person travel on his own." Therefore the partnership was dissolved.
Neil Taylor, Sr. further testified that since his son was demoted he has provided or paid for some or all of the following necessities for his son: food, clothing, transportation, utility bills, medical expenses, insurance premiums, money to make child support payments, etc. This assistance is largely in the form of loans which are charged against the son's salary. Appellant's father also currently holds several outstanding mortgages owed by his son.
This court is mindful of the great weight to be given the determination of the trial court who heard the evidence ore tenus. However, the evidence presented by the record in this cause leads us to the conclusion that the father has failed to prove any material change of circumstances since the date of the original decree relative to either reduced needs of the children or decreased ability of the father to support his children.
The husband's demotion from partner to associate, along with the concomitant reduction of his income, occurred prior to the trial of the original divorce action. His salary was $1,000 per month since the time of the demotion in March 1977 and continued at that rate through the time of the hearing on the petition to modify in May 1978. Appellant himself testified that he was financially distressed at the time of the initial separation from his wife (in October 1976), and that he "went broke holding the children." (He had custody of the children from October 1976 until the date of the original divorce decree in June 1977.) Nor does there appear any evidence of record which would support a finding that the needs of the children have diminished to any material extent.
In view of the absence of any changed circumstances since the entry of the original divorce decree, we hold that the trial court erred in reducing the amount of monthly child support. That portion of the trial court's judgment refusing to change the custody of the children from the mother to the father is affirmed; that portion of the judgment reducing the child support payments from $450 per month to $270 per month is reversed.
The wife has requested an award of attorney's fees for this appeal. An award of $500 is hereby granted.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR ENTRY OF JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and HOLMES, J., concur.