Thomas Bennett and Barbara Bennett were divorced in Mobile County in December of 1980. Mrs. Bennett, the mother, was granted custody of the parties' minor child with the father, Mr. Bennett, receiving visitation rights. Subsequently, the mother and child moved to Georgia, where they have continued to reside. In October 1985, the father instituted a suit in the Circuit Court of Mobile County, alleging contempt on the part of the mother and requesting a modification of the divorce decree, claiming that he had not been allowed visitation as provided in the decree. In November 1985, the mother filed a motion, requesting an order dismissing the father's motion, or in the alternative, transferring the case to DeKalb County, Georgia. In August 1986, the circuit court, after hearing, granted the motion to dismiss and transfer and dismissed the father's motion for contempt and motion to modify. Father's motion to reconsider was denied in October 1986. From the trial court's decision to transfer, the father appeals.
The dispositive issue on appeal is whether or not the trial court abused its discretion in transferring the case to another jurisdiction.
The father contends that by transfer of the modification case to DeKalb County, Georgia, the circuit court violated the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), Code 1975, §§ 30-3-20 through -44. He argues that the UCCJA encourages continuing jurisdiction by the court which initially determined jurisdiction. The father relies further on the Federal Kidnapping Prevention Act of 1980,28 U.S.C. § 1738A (PKPA), which provides that other states must give full faith and credit and cannot modify any child custody determination where it is shown that the state making the determination had jurisdiction under the provisions of the act.
The purposes of the UCCJA, found at § 30-3-21, Code 1975, are stated in pertinent part as follows:
 "(3) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state;
 "(4) Discourage continuing controversies over child custody, in the interest of greater stability of home environment and of secure family relationships for the child. . . ." *Page 1023 
Section 30-3-27, Code 1975, is the statutory authorization to courts of this state to determine if this state has become an inconvenient forum in favor of another state for purposes of custody determination. It provides in pertinent part as follows:
 "(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
 "(1) If another state is or recently was the child's home state;
 "(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
 "(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state. . . ." (Emphasis added.)
Under § 30-3-27, a court in Alabama may decline to exercise its jurisdiction over a child custody proceeding, whether an initial decree or a modification, if it determines that it is in the child's interest that another state assume jurisdiction.Ballard v. Ballard, 444 So.2d 872 (Ala.Civ.App. 1984).
The father argues that as he was not requesting a change in custody but only a change in visitation rights, § 30-3-27 is inapplicable. Appellant cites no authority for this contention. The law of Alabama provides that where no legal authority is cited or argued, the effect is the same as if no argument had been made. Blair v. York Eng'g Co., 380 So.2d 878
(Ala.Civ.App. 1980); Rule 28(e)(5), A.R.Civ.P. However, both the PKPA and the UCCJA define a custody determination to include the determination of visitation rights. 28 U.S.C. § 1738A(b)(3) defines custody determination as follows:
 " '[C]ustody determination' means a judgment, decree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications. . . ."
The UCCJA, Code 1975, § 30-3-22(2), defines the phrase similarly as follows:
 "(2) Custody Determination. A court decision and court orders and instructions providing for the custody of a child, including visitation rights; it does not include a decision relating to child support or any other monetary obligation of any person. . . ."
Since visitation rights are part of custody determinations, the question here is whether the trial court abused its discretion in transferring the father's motion for change of visitation to the state of Georgia.
The evidence before the court showed that the child lives with her mother in DeKalb County, Georgia; that both are residents of Georgia, having resided there for longer than six months; that the child is going to school in DeKalb County, Georgia; and that all witnesses such as teachers, church members, and friends who know about the child's well being are located in Georgia.
In view of the above, we cannot say that the trial court erred in transferring this case to the state of Georgia. We therefore affirm the trial court.
The case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.