This is a child custody case.
The parties were divorced in 1984. In April 1990, the mother filed a petition to modify the last decree, which was issued in 1988 and, inter alia, granted custody of the parties' teenage daughter to the father. In this petition, the mother requested that custody of that daughter be changed to the mother and that the father's child support obligation be increased to comply with the support guidelines of Rule 32, A.R.J.A. After an ore tenus proceeding, the trial court changed the custody of the teenage daughter to the mother and increased the father's child support obligation. The father appeals. The father raises several issues on appeal; however, two issues appear to be dispositive. First, did the trial court abuse its discretion in granting the mother's petition to change custody from the father to the mother? Next, did the trial court abuse its discretion by increasing the father's child support obligation?
The father first contends that the mother did not meet the requirements to change custody as established by the supreme court in Ex parte McLendon, 455 So.2d 863 (Ala. 1984). He contends that the daughter became angry with his supervision of her and requested to live with her mother. There is evidence in the record supporting those contentions.
We are mindful of the presumption of correctness that attaches to the judgment of the trial court which is based on ore tenus evidence. We will not reverse that judgment except for an abuse of discretion or where the judgment is unsupported by the evidence and is plainly and palpably wrong. Matter ofYoung, 456 So.2d 823 (Ala.Civ.App. 1984).
When there is a prior custody decree, the parent seeking the change in custody bears a very heavy burden of proof. Showing that a material change in circumstances has occurred since the last decree is not sufficient. Because the best interests of the child are paramount, the petitioner must show that a change in custody will materially promote the child's best interests and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. McLendon, supra. The need for stability in a child's life necessitates the requirement that the party seeking the modification prove to the court's satisfaction that "material changes affecting the child's welfare since the most recent decree demonstrate that custody should be disturbed to promote the child's best interests." Wood v. Wood, 333 So.2d 826, 828
(Ala.Civ.App. 1976). Consequently, frequent disruptions are condemned. Wood.
The record reveals that the mother was granted custody of the daughter in the original divorce decree. The 1988 modification changed custody of that child to the father and there is some evidence in the record that the custody change in 1988 was desired by the child. That child, who was seventeen years old at the time of this proceeding, remained with the father until shortly before the current petition was filed. She then expressed difficulties in getting along with her father and requested to live with her mother.
The record indicates that both parents have remarried and that the father has recently moved to an old farmhouse that he plans to restore. There was testimony from the daughter and the father that they were experiencing parent-child conflicts between them concerning the daughter's boyfriend, her future education plans, and her weight problem. The daughter testified that she desired to live with her mother now. We are cognizant that the child's wishes are given consideration in custody situations; however, those wishes are not controlling.Patterson v. Patterson, 345 So.2d 1364 (Ala.Civ.App. 1977).
There is no indication in the record that the father has fallen short of his parental duties in the years that the daughter has been in his custody. Our careful and thorough *Page 510 
review of the record reveals that both parents love the child and each desires to provide her with a loving home. The record reveals that either parent is willing and capable of providing a suitable environment for this child. There is no evidence in the record that remaining in the custody of her father was in any way detrimental to the child, nor is there evidence to show that the child's best interests and welfare would be better served by altering custody. There is simply no authority for the change. Patterson, supra.
The mother has failed to prove that removing the daughter's custody from the father and placing it with the mother would materially promote the welfare and best interests of the daughter. Simply put, the evidence does not support a change in custody from one suitable parent to the other. Accordingly, that portion of the trial court's judgment awarding custody to the mother is reversed.
The second issue concerns the increase in the father's child support obligation. The wife had custody of the parties' young son and received child support of $200 monthly for him from the father. The wife requested an increase in child support for the son's benefit at the same time that she petitioned for custody of the teenage daughter and child support for the daughter. After hearing testimony that the teenage daughter had been living with the mother since the filing of this petition in April of 1990, the trial court ordered an additional $300 monthly child support for those months, i.e., retroactively to the date of the filing of the petition for a total of $2100 back support. The trial court increased the child support to $600 per month for the two children beginning in December 1990, and ordered that "the arrearage of $2,100.00 shall be payable at the rate of $200.00 per month." The trial court further ordered that after the "arrearage" was paid, the support would be $800 per month and that when the older child reached age 19, the child support for the remaining child would be $525 monthly. The trial court also ordered the husband to pay the mother's attorney $200 "which shall be deemed as further child support to Wife."
We are mindful that child support and its subsequent modifications rest soundly within the trial court's discretion.Conradi v. Conradi, 567 So.2d 364 (Ala.Civ.App. 1990). Actions concerning child support filed on or after October 9, 1989, are guided by Rule 32, A.R.J.A. Belser v. Belser,558 So.2d 960 (Ala.Civ.App. 1990). The trial court is not obligated to follow the child support guidelines if it finds that there had not been a sufficient change in circumstances to justify a modification. Moore v. Moore, 575 So.2d 95
(Ala.Civ.App. 1990).
In view of our decision regarding the daughter's custody, there is no reason to discuss in detail the child support award as it relates to her. Clearly, that portion of the child support award that is awarded to the mother for the benefit of the daughter is due to be reversed.
The mother's petition requesting an increase in child support dubiously alleges that "the needs of the children have gone up." Our complete and thorough review of the entire record reveals nothing specific to indicate what circumstances have changed since the last decree to justify an increase. There is nothing in the record indicating what the child's previous needs were and how they have changed except the mother's vague testimony that "everything has gone up." In considering petitions to increase child support obligations, the trial court may consider the increased age of the child and inflation along with the noncustodial parent's ability to pay the support. Young v. Young, 376 So.2d 737 (Ala.Civ.App. 1979). The trial court must consider the present ability of the parent to pay for the present needs of this child. Morrison v.Kirkland, 567 So.2d 363 (Ala.Civ.App. 1990). The record before us fails to provide any justification for an increase in child support.
In view of the above, the judgment of the trial court is reversed and the cause remanded for the entry of a judgment consistent with this opinion. *Page 511 
The husband's request for an attorney's fee for this appeal is granted in the amount of $500.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.