THIGPEN, Judge,
concurring in the result only.
Although I concur in the result reached by the majority, I do so for different reasons and feel compelled to point out my concern regarding the burden of proof as stated by the majority.
The record clearly discloses that Neese was granted legal custody of Michael pursuant to his petition filed after the parties separated, but before the mother petitioned for divorce. Pursuant to subsequent divorce proceedings, the custody of the children again became an issue. A third party, i.e., the non-parent grandmother, was granted a motion to intervene in the divorce proceedings, apparently for the purpose of considering her petition for custody of the children. The relief sought by the grandmother was denied. This appeal is restricted only to reviewing a custody determination between Neese and the grandmother, a non-parent. The mother did not participate before the trial court nor does she appeal.
The custody determination of the trial court comes to this court clothed with a presumption of correctness due to the longstanding rule of review regarding ore tenus proceedings. Cole v. Cole, 442 So.2d 120 (Ala.Civ.App.1983). The law is clear that although the child’s best interests are paramount in custody disputes, a parent maintains a prima facie right to custody of his or her child that is superior to any custodial rights asserted'by a non-parent. Ex parte Terry, 494 So.2d 628 (Ala.1986). This is because the law presumes that the best interests of the child are to be with the parent. Terry, supra. Absent a prior decree removing custody from a parent, a non-parent petitioner may overcome the strong presumptive superior right of that parent to have custody of his/her child by presenting “clear and convincing evidence that the parent is so unfit or unsuited for custody that the best interest of the child will be served by granting custody to the third person.” Terry at 630.
Nothing appears of record to deprive Neese of his prima facie right to custody. It appears that the grandmother couched her entire argument in terms of proving Neese unfit. Although the grandmother presented some evidence regarding Neese’s past misconduct, she simply failed to present sufficient evidence upon which the trial court could base a finding that Neese was unfit. Appropriately, the trial court made no finding regarding the fitness of Neese.
*838 The majority opinion appears to heavily rely on the grandmother’s failure to present evidence establishing her own fitness. The trial court made no finding regarding the grandmother’s fitness and I know of no such requirement in the law in the context here presented. I hasten to point out that regardless of the grandmother’s fitness to have custody of the children, Neese’s superior right to custody prevails absent the grandmother’s properly overcoming his prima facie right to custody of his children. Terry, supra. I know of no legal premise that the finding of fitness of one petitioner excludes the finding of fitness of another petitioner. In fact, multiple petitioners can be found to be fit for custody. See ergo, Hermsmeier v. McCoy, 591 So.2d 508 (Ala.Civ.App.1991); H.T. and G.T. v. C.T.W. and R.J.W., 569 So.2d 418 (Ala.Civ.App.1990).
The majority opinion indicates that because “the grandmother failed to meet her burden of establishing her fitness as a custodian,” the trial court’s award of custody to Neese is proper. That is simply not the proper burden in a custody dispute between a non-parent petitioner and a parent. I point out this distinction because failure to do so could allow this burden of proof to erroneously become “entrenched” in the law. See Justice Maddox’s (concurring in the result) opinion at page 958 in Ex parte Beasley, 564 So.2d 950 (Ala.1990).
Furthermore, I do not read D.K.G., supra, to stand for the proposition stated by the majority opinion. D.K.G. involved a maternal aunt’s petition for temporary custody against another third party, i.e., other non-parents who apparently had no blood relation to the child but who had physical custody of the child following the mother’s relinquishment of custody to them. That case merely states that the aunt’s blood relationship to the child did not give her petition for custody a legally advantageous position over the temporary custody petition of the non-parents, who had cared for the child and with whom the child was familiar.
The law is clear that in the dispute between the father and the grandmother concerning Melissa’s custody, the father has a strong presumption regarding his prima facie right to custody, which the grandmother simply failed to overcome. My concerns regarding the proper standard for resolving the dispute involving Michael’s custody do not affect the result. Facts regarding Michael’s biological father, if other than Neese, and his involvement in Michael’s life are not indicated in this record, and hence are not a factor in.this appeal. Apparently, Neese has been the father figure for Michael since Neese and Michael’s mother began living together in 1984. Given this fact situation, one could argue that Neese could be in the same legal position as Michael’s biological father in this dispute with a non-parent. In this peculiar fact situation, even if Terry was not the appropriate standard, the record is clear that Neese had custody of Michael by a court order entered pursuant to his petition filed prior to the initiation of divorce proceedings, which would give rise to the more stringent standard set out by the Supreme Court in Ex parte McLendon, 455 So.2d 863 (Ala.1984). Clearly, the grandmother failed to meet that heavy burden of proof to modify the existing custody decree. Furthermore, it appears that if one were to determine that the dispute involving Michael’s custody was nothing more than a dispute between two non-parents, the best interests standard controls. H.T., supra. The record supports a determination that the best interests of Michael would be served by allowing him to remain in the custody of Neese, who has served as this child’s father figure since at least 1984, and who accepted the responsibility of being this child’s legal father pursuant to a court order granting him custody.
Accordingly, I concur with the result in that the record reveals no error in refusing to grant the grandmother custody of the children.