634 So.2d 589 (1994)
Carol A. WATSON
v.
Joe Bob WATSON.
AV92000433.
Court of Civil Appeals of Alabama.
January 28, 1994.
Donald C. McCabe of Donald C. McCabe, P.C., Daleville, for appellant.
James F. Hampton, Montgomery, for appellee.
THIGPEN, Judge.
This is the appeal of a custody and visitation determination.
The record reveals that the parties divorced in August 1985 and that they were awarded joint custody of their two minor children pursuant to an agreement incorporated into the final judgment of divorce. In June 1992, the mother filed a petition for modification of the joint custody order seeking, inter alia, custody and child support. The father answered and filed a counter-petition seeking, inter alia, custody and child support.
Following an ore tenus proceeding the father was awarded custody subject to the *590 mother's visitation and the mother was ordered to pay child support. The mother appeals raising several issues; however, the dispositive issues are whether the trial court abused its discretion in its custody determination, and whether the trial court abused its discretion in its visitation determination.
It is well settled that matters regarding custody rest soundly within the discretion of the trial court, and judgments regarding such will not be disturbed on appeal absent an abuse of discretion. Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App. 1986). The paramount concern in all custody cases is the best interests and welfare of the children. Santmier, supra. In the instant case, the trial court correctly noted that in view of the parties' prior exercise of joint custody, this is an initial custody determination and the applicable standard is the "best interests of the children." Ex parte Couch, 521 So.2d 987 (Ala.1988); Hovater v. Hovater, 577 So.2d 461 (Ala.Civ.App.1990); Santmier, supra.
In making its custody determination, the mother argues that the trial court did not find her unfit, that it did not order the testimony of the minor children, and that it modified the custody order solely due to problems regarding visitation and child support. The appropriate standard, i.e., best interests, does not require a finding of unfitness. There are situations where a trial court faces a custody determination wherein more than one party is a fit and proper person to have custody of the child. See ergo, Hermsmeier v. McCoy, 591 So.2d 508 (Ala.Civ.App.1991); H.T. and G.T. v. C.T.W. and R.J.W., 569 So.2d 418 (Ala.Civ.App. 1990). Further, visitation problems alone are an insufficient basis for changing custody orders. Means v. Means, 512 So.2d 1386 (Ala.Civ.App.1987); Ward v. Rodenbaugh, 509 So.2d 910 (Ala.Civ.App.1987). There is nothing in the record indicating that visitation problems caused the custody change. Additionally, the record contains generous evidence which does not concern visitation that clearly supports the trial court's order regarding custody. The mother's argument regarding the testimony of the children is not properly presented or argued and will not be addressed. Rule 28(a)(5), A.R.App.P.; Simonton v. Carroll, 512 So.2d 1384 (Ala.Civ. App.1987).
Detailing specific facts in this case would serve no purpose in light of the vast number of cases concerning child custody. We have carefully and thoroughly reviewed the record in its entirety and find ample evidence supporting the trial court's custody determination. The record contains evidence which would support an award of custody to either parent; therefore, we find no abuse of discretion.
The mother also argues that the trial court abused its discretion in the visitation order. The matter of visitation rests soundly within the broad discretion of the trial court, and a trial court's determination regarding visitation must be affirmed absent a finding that the judgment is unsupported by any credible evidence and that the judgment, therefore, is plainly and palpably wrong. Andrews v. Andrews, 520 So.2d 512 (Ala.Civ. App.1987). Visitation cases require an examination of the facts and circumstances of the individual situation which the trial court is able to observe. Andrews, supra. Inherent in the presumption that a judgment based on ore tenus evidence is correct is the recognition that the trial court is uniquely qualified to observe the parties and adjudge their credibility. Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App.1990).
In the instant case, it appears that the trial court considered the evidence regarding the circumstances in this situation before making its determination. Although we may have determined a different or more lenient schedule for the mother's visitation, we have no authority to substitute our judgment for that of the trial court; and, absent abuse, there is no basis for reversal. Andrews, supra.
Based on the foregoing principles, we must affirm the trial court's judgment.
AFFIRMED.
ROBERTSON, P.J., concurs.
YATES, J., concurs in part and dissents in part.
*591 YATES, Judge, concurring in part and dissenting in part.
I concur with the majority in affirming the trial court's award of custody to the father. I respectfully dissent, however, on the issue of visitation.
The trial court awarded the mother visitation with the minor children during spring vacation each year; from July 1 to August 15 each year; at Thanksgiving during odd-numbered years; and approximately one week at Christmas each year. The order did not include any weekend visitation or any provision for birthdays, Mother's day, or other special occasions. Consequently, the mother now faces periods extending from March to July (approximately three months) without seeing her children. She faces an even longer period without visitation during even-numbered years (August 15 until Christmas, over four months).
The distance between Wetumpka, Alabama, and Enterprise, Alabama, is not such that some visitation for weekends and special occasions would be burdensome on either the parties or the children.
Nothing in the record indicated that more generous visitation would be contrary to the best interests of the minor children. Instead, the record reflected that before these proceedings, the parties had shared a joint-custody arrangement with shared visitation. The mother should be allowed to maintain a close relationship with her children. The limited visitation awarded by the trial court makes such a relationship extremely difficult at best, and in my opinion, was an abuse of discretion.