I respectfully dissent from that portion of the majority opinion regarding visitation because I disagree that the ordered visitation schedule is unreasonable, and that the trial court must be instructed to enter an order for a schedule specified by this court. The matter of visitation lies within the broad discretion of the trial court, which is uniquely qualified to observe the witnesses and adjudge their credibility in ore tenus proceedings. Watson v. Watson,634 So.2d 589 (Ala.Civ.App. 1994). The standard for reviewing a trial court's determination regarding visitation is not whether this court views the schedule as unreasonable or would have ordered a different schedule. Watson, supra. Absent an abuse of discretion, a trial court's judgment regarding visitation must be affirmed. Alexander v. Alexander, 625 So.2d 433
(Ala.Civ.App. 1993); Fanning v. Fanning, 504 So.2d 737
(Ala.Civ.App. 1987).
The ore tenus proceedings in the case sub judice extended over several days. The record contains approximately 900 pages of testimony, which includes over 250 pages of testimony from the mother. There is extensive testimony from others, including the father, the child's guardian ad litem, past child-care workers who had opportunities to observe the family unit, and multiple mental health professionals, who have counseled these parties together and separately. The record is replete with testimony regarding this child's special circumstances and the concerns that "this child is so consumed with divorce and sadness and adult issues." The testimony of the guardian ad litem alone supports strict limitations on visitation and minimal disruptions in custody at this time in the interest of providing stability in this child's life.
The trial court's focus on this child's best interests and welfare is exemplified throughout the voluminous record. Regardless of any irregularity this court may perceive in the trial court's weekend visitation schedule, the specifics of that determination are well within the province of the trial court, and its decision cannot be reversed absent an abuse of judicial discretion. Andrews v. Andrews, *Page 1068 520 So.2d 512 (Ala.Civ.App. 1987). Although my examination of this record fails to disclose any obvious reason for the trial court to deviate from a standard weekend schedule, (see e.g.,Speakman v. Speakman, 627 So.2d 963 (Ala.Civ.App. 1993), andFanning, supra), the deference given to the trial court by the ore tenus rule is, in part, due to the trial court's unique position to see and/or hear something that may not be apparent on the face of the written record. Hall v. Mazzone,486 So.2d 408 (Ala. 1986). Furthermore, even if the ordered visitation schedule were unreasonable to the extent that it was unsupported by the evidence, and, therefore, constituted an abuse of discretion, I believe the better course would be to reverse and remand "with instructions for the trial court to set more reasonable . . . visitation in accordance with the [mother]'s work schedule." Speakman at 965.
Because I cannot find that the trial court's determination regarding visitation is an abuse of judicial discretion, I would affirm.
MONROE, J., concurs.