MONROE, Judge.
The father appeals from the visitation provisions in an order modifying the child custody provisions of a divorce judgment.
Alex Scott Denney (father) and Angelia Denney Forbus (mother) were divorced on February 14,1991, and, pursuant to a written agreement of the parties, the mother received custody of the couple’s two children. The father brought a petition to modify the custody order in February 1998. Over the next year, the court entered several temporary orders. After conducting ore tenus proceedings, the court entered a final order on May 31, 1994, modifying the original custody award or as to allow joint custody, with the father having primary physical custody and the mother having secondary physical custody. The trial court specified the visitation/custody schedule for the mother, allowing visitation every weekend during the school year and custody from June 1 until the week before school resumes in the fall. During these summer months, the father is allowed visitation two weekends per month. The mother also has visitation for a week every Christmas and on other holidays in alternating years.
The father appeals from this modification order. He claims that the trial court abused its discretion in allowing such a liberal visitation schedule for the mother, complaining that it severely limits his primary custody. The father argues that the modified schedule *1206 of primary and secondary custody deprives him of a meaningful relationship with his children because the mother has custody every weekend, except in the summers, when he has custody two weekends per month. He argues that because he works all day, the time he can spend with his children is severely limited during the week.
It is well settled that matters regarding both custody and visitation rest soundly within the discretion of the trial court, and that judgments regarding those matters will not be disturbed on appeal absent an abuse of discretion. Watson v. Watson, 634 So.2d 589 (Ala.Civ.App.1994). A trial court’s determination regarding visitation must be affirmed absent a finding that the judgment is unsupported by credible evidence and that the judgment, therefore, is plainly and palpably wrong. Id. at 590. Visitation cases require an examination of the facts and circumstances of the individual situation, which the trial court is able to observe. Id.
It appears that the trial court, before making its determination, considered the evidence regarding the particular facts and circumstances of this case. Over a period of 15 months, it held two ore tenus proceedings, and it entered several temporary orders before it entered the final order modifying the divorce judgment. Although we may have determined a different schedule of weekend visitations for the mother, we have no authority to substitute our judgment for that of the trial court. Absent abuse, there is no basis for reversal. Watson, supra.
The trial court obviously accepted the mother’s argument that the children needed a meaningful relationship with both parents. The primary consideration in visitation matters is the best interests and welfare of the child. Barran v. Barran, 431 So.2d 1278 (Ala.Civ.App.1983).
The father also argues that the trial court abused its discretion in setting out the schedule by which the parties were to exercise primary and secondary custody; he says that by setting out that schedule the court was essentially setting up a visitation schedule for the noncustodial parent. The father asserts that this was just a ruse to avoid a determination as to custody subject to visitation.
We reject this argument, as visitation rights are a part of custody determinations. Bennett v. Bennett, 506 So.2d 1021 (Ala.Civ. App.1987). Because the court makes visitation determinations as part of custody determinations and this court has defined a custody determination as an order providing for custody or visitation regarding a child, it is of no consequence which label the court gives to the determination. Both visitation and custody determinations are subject to the same standards of review. See Bennett, supra, at 1023.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.
THIGPEN, J., concurs in the result only.
YATES, J., dissents.