CRAWLEY, Judge,
dissenting.
I respectfully dissent.
“ ‘The courts of Alabama have emphasized that a change of custody from one parent to another is not a decision to be made lightly; on the contrary, it may be made only where the evidence discloses an obvious and overwhelming necessity for change.’ Ex parte Peppers, 703 So.2d 299, 302 (Ala.1997) (citation omitted). See also Whitfield v. Whitfield, 570 So.2d 700, 702 (Ala.Civ.App.1990). *815 In child-custody cases, when evidence is presented ore tenus, the judgment of the trial court is presumed correct, and that judgment will not be reversed absent an abuse of discretion or a showing that the judgment is palpably wrong. Hermsmeier v. McCoy, 591 So.2d 508 (Ala.Civ.App.1991); Matter of Young, 456 So.2d 823 (Ala.Civ.App.1984). However, even under the ore tenus rule, ‘[wjhere the conclusion of the trial court is so opposed to the weight of the evidence that the variable factor of witness demeanor could not reasonably substantiate it, then the conclusion is clearly erroneous and must be reversed.’ Jacoby v. Bell, 370 So.2d 278, 280 (Ala.1979). See also, P.A.T v. K.T.G., [749] So.2d [454, 456] (Ala.Civ.App.1999).”
B.J.N. v. P.D., 742 So.2d 1270, 1274 (Ala. Civ.App.1999).
The trial court determined that the mother had experienced a change in circumstances as a result of her breakup with Lola, which eventually caused her to be without a home and employment, which, in turn, had an effect on the child. However, as a result of those changes in circumstances, the mother placed the child under the care of the maternal grandmother. This act was not a relinquishment of custody and alone cannot serve as a basis to support the trial court’s change of custody. Under somewhat similar circumstances, this court has stated:
“The mother and the minor child lived with the maternal grandfather and the maternal step-grandmother for a substantial period of time. Additionally, the mother left the minor child in the care of the maternal grandfather and the maternal step-grandmother until she found a job and a place to live for herself and the minor child. These facts do not support a finding that the mother had voluntarily relinquished custody. This court and our supreme court have encouraged custodial arrangements during necessitous times. See Ex parte Couch, 521 So.2d 987 (Ala.1988), and Curl v. Curl, 526 So.2d 26 (Ala.Civ.App.1988). In this case, the mother evidenced her care of the minor child by enlisting the aid of the maternal grandfather and the maternal step-grandmother during difficult times.”
Hembree v. Hembree, 660 So.2d 1342, 1345 (Ala.Civ.App.1995). Similarly, the mother’s placing the child in the care of the maternal grandmother under the facts in this case also evidenced the mother’s care for the child, rather than an overwhelming necessity for a change in custody. Ex parte Peppers, 703 So.2d 299 (Ala.1997).
Although the father had remarried, had his own home, and was employed at a higher paying job, those facts also do not constitute evidence of an overwhelming necessity for a change in custody. In Ex parte McLendon, 455 So.2d 863 (Ala.1984), our supreme court stated:
“It is not enough that the parent show that [he] has remarried, reformed [his] lifestyle, and improved [his] financial position. The parent seeking the custody change must show not only that [he] is fit, but also that the change of custody ‘materially promotes’ the child’s best interest and welfare.”
455 So.2d at 866 (citations omitted).
I conclude that the father failed to show that a change in custody would materially promote the child’s best interest. The trial court’s judgment was opposed to the weight of the evidence and cannot be substantiated by consideration of the variable factor of witness demeanor. See Jacoby v. Bell, 370 So.2d 278 (Ala.1979). Accordingly, I would reverse the trial court’s judgment and remand the cause for it to enter an order maintaining the child in the mother’s custody and for it to enter a child-support *816 award to the mother in compliance with Rule 32, Ala. R. Jud. Admin.
YATES, P.J., concurs.