LYONS, Justice
(concurring in part and concurring in the result).
As to the main opinion’s affirmance of the trial court’s judgment based on its finding that the AGCSF complied with the requirements of § 27-42-12(b), Ala.Code 1975 (“Any person having a claim which may be recovered under more than one insurance guaranty association or its equivalent shall[,] ... if it is a workmen’s compensation claim, ... seek recovery first from the association of the residence of the claimant.”), I concur in the result.
The trial court, as one of its bases for rejecting the AIGA’s contention that the AGCSF had not sufficiently complied with § 27-42-12(b) by failing to pursue litigation against the FWCIGA after receiving *213 an unfavorable administrative determination, concluded that such a course of action would have been futile. The AIGA argues in its principal brief, without citation to authority, that the trial court “had no authority to make a de facto ruling under Florida law....” (Brief of the AIGA, at 16 n. 5.) Rule 28(a)(1), Ala. R.App. P., requires an appellant to present reasoning and citation to authority in support of its argument. Because of the failure of the AIGA to comply with Rule 28(a)(10), any challenge to the rationale for the trial court’s interpretation of § 27-42-12(b) as not requiring the pursuit of fruitless litigation after an adverse administrative determination has been waived. “ ‘[W]here no legal authority is cited or argued, the effect is the same as if no argument had been made.’ ” Steele v. Rosenfeld, LLC, 936 So.2d 488, 493 (Ala.2005) (quoting Bennett v. Bennett, 506 So.2d 1021, 1023 (Ala.Civ.App.1987)). Moreover, as the main opinion notes, the AIGA does not contend that such further litigation would have produced a result inconsistent with the administrative determination by the FWCIGA.
In all other respects I concur in the thorough analysis of the main opinion.