PITTMAN, Judge.
This appeal is taken from an August 2014 judgment modifying the visitation provisions of a July 2011 consent judgment of divorce entered by the Marshall Circuit Court in a case involving the mother, S.M.M., and the father, J.D.K., of two minor daughters, L.J.K. (who is currently seven years old) and S.R.K. (who is currently five years old).[1] The July 2011 divorce judgment awarded the mother sole physical and legal custody of the parties’ children and provided the father “supervised visitation at [the motherj’s discretion to be supervised by [whomever] she chose at times and places that she saw fit.” In contrast, the August 2014 modification judgment was entered after several proceedings at which testimonial and documentary evidence was admitted; that judgment awarded the father unsupervised visitation pursuant to the circuit court’s standard-visitation order, including on alternating weekends and during academic-break periods. The mother’s appeal challenges the correctness of the circuit court’s allowance of unsupervised visitation.
This court has previously stated, in reviewing a judgment modifying a noncustodial parent’s visitation privileges, that “[t]he matter of visitation rests soundly within the broad discretion of the trial court, and a trial court’s determination regarding visitation must be affirmed absent a finding that the judgment is unsupported by any credible evidence and that the judgment, therefore, is plainly and palpably wrong.” Watson v. Watson, 634 So.2d 589, 590 (Ala.Civ.App.1994); accord Flanagan v. Flanagan, 656 So.2d 1228, 1230 (Ala.Civ.App.1995) (applying analogous standard to judgment changing visitation from supervised to unsupervised). Although the mother insists that the presumption of correctness customarily indulged under the ore tenus rule in reviewing visitation judgments does not apply because the judge who rendered the August 2014 modification judgment did not preside at certain testimonial hearings in 2012, it is undisputed that that judge did receive testimony in open court over a three-day period in August 2014 before that judgment was rendered; thus, the mother’s argument is not well taken, and we decline her invitation to apply a de novo standard of review. See First Alabama Bank of Montgomery, N.A. v. Martin, 425 So.2d 415, 425 (Ala.1982) (although documentary evidence was received and deposition testimony was read into transcript, presumption of correctness was applied; “where evidence has been presented orally, a presumption of correctness attends the trial court’s conclusions] on issues of fact, if these conclusions were based totally or in part on oral testimony”), and Fluker v. Wolff, 46 So.3d 942, 950 (Ala.2010) (ore tenus rule applies to disputed issues of fact, even when dispute is based on a combination of oral testimony and documentary evidence).
At the time the parties entered into their settlement agreement in contemplation of their divorce, whose terms (including the provision making the father’s visitation rights as to the children subject to supervision and to the approval of the mother) were incorporated into the circuit court’s July 2011 divorce judgment, the *1121 father had freely confessed to, had been charged with, had pleaded guilty to, and had been convicted of statutory rape stemming from certain incidents of sexual contact involving him and a 15-year-old member of a youth group at a church for which the father had served in a pastoral capacity. However, in its August 2014 modification judgment, the circuit court made the following pertinent determinations:
“There was no credible and/or reliable evidence that the parties’ minor children have been, nor are in future danger of being, sexually or physically abused by the [father]. The Court relied heavily upon the expert testimony of several witnesses, taken as a whole.
[[Image here]]
“... There has been a material change in circumstances since the Judgment of Divorce that justifies a change in visitation and said change is in the best interest of said minor children. There was also no evidence presented that the previous illegal sexual relationship that [the father] had has had a detrimental effect on the children.”
At the final hearing on the father’s petition to modify, the circuit court heard evidence from a number of lay and expert witnesses, including Dr. Marilyn Elizabeth Lachman, a former forensic psychiatrist, who testified to having had an ongoing therapeutic relationship with the father since July 2011, when the consent divorce judgment was entered. Dr. Lachman testified that, although the father had a “reactive mood,” he did not have any serious ongoing mental illness, and she opined, based upon her educational and professional experience and specific personal knowledge of the father, that he posed “no risk higher than any in the general population” to his children in the event that he was afforded unsupervised visitation. She additionally opined that the father had expressed remorse and appreciation of the gravity of his sexual misconduct so as to demonstrate that he did not have an antisocial personality. Further, Craig L.W. Boden, a licensed professional counselor who had counseled the father over 13 sessions in mid-2011 at the behest of the father’s former employer, Grace Covenant Church, opined that the father was not a risk to abuse his own children. Finally, Carolyn Reyes, a fellow congregant at the father’s current church, testified that she had observed the father interact with her nieces and nephew, who had ranged in age between three and seven years, and had observed the father interacting positively and appropriately with them and expressing regret that he was missing a number of activities that his own children were engaging in.
The mother sought to counter the father’s opinion testimony with the testimony of Dr. Deegan Mercer Malone, a non-medical counselor who testified to having administered a computerized “Abel test” to the father in December 2013, which had entailed the father’s viewing of and reacting to a number of images of minors and reporting on his own sexual behaviors. The report generated by Dr. Malone indicated that the father had sexual fantasies as to girls between the ages of 14 and 17 years, and Dr. Malone opined, based upon a third party’s scoring of the Abel test administered to the father, that he posed a threat to repeat his conduct in the future. However, Dr. Lachman, the father’s psychiatrist, testified that the Abel test is a subjective test that is “less reliable than *1122 the polygraph test” and is not to be used for reliable information regarding a particular subject. Further, on questioning by the guardian ad litem for the children, Dr. Malone admitted that she perceived no difference between a person’s sexual attraction to children in general and the arguably separate matter of potential attraction to children with whom a person has a biological relation.
The legislature of this state has expressed the view that “[i]t is the policy of this state to assure that minor children have frequent and continuing contact with parents who have shown the ability to act in the best interest of their children,” as well as to “to encourage parents to share in the rights and responsibilities of rearing their children after the parents have separated or dissolved their marriage.” Ala. Code 1975, § 30-3-150. Although not directly applicable to modification judgments, see Ala.Code 1975, § 30-3-157, that statute is consistent with the common-law principle that a noncustodial parent should generally be afforded “reasonable rights of visitation” with his or her children, Naylor v. Oden, 415 So.2d 1118, 1120 (Ala.Civ.App.1982). In this case, although the father agreed in the immediate aftermath of his revelation of his having engaged in a sexual relationship with a teenaged female to allow the mother to dictate the times and places of his visitation with the children and to the imposition of a supervision requirement, the father testified at trial that, despite his consistent written correspondence efforts directed toward the children, the mother had cut off all contact with the children for several months and, during pendente lite visitation periods during the modification action, the children had consistently looked to the mother for permission to express affection to the father in a manner indicating that they were “in bondage” to the mother. Viewing the record through the lens of the applicable standard of review, we conclude that the circuit court could properly have determined from the evidence that the father’s continuing psychiatric treatment, his remorse for his indiscreet behavior with a child significantly older than his own children, the absence of any ongoing risk to the children of sexual contact from the father, the mother’s denial of visitation, and the children’s inhibited relationship with the father, taken together, amounted to a material change in circumstances so as to warrant the removal of the supervised-visitation requirement and of the mother’s exclusive right to dictate the father’s visitation such that the judgment under review is not “unsupported by any credible evidence” so as to be “plainly and palpably wrong.” See Watson and Flanagan, supra.[2]
 In reaching the foregoing conclusion, this court should not be perceived as somehow condoning the father’s past conduct to the extent that that conduct amounted to violations of applicable laws governing sexual contact between minors and adults. The extent of the father’s past conduct, presented in a light most adverse to the judgment under review, is aptly summarized by the dissenting opinion.[3] Our conclusion is instead based upon the proposition that the circuit court, and not this court, is in the best position to decide, based upon comparison of the weight and materiality of both favorable and unfavorable evidence adduced, whether the father demonstrated a material change in the pertinent circumstances warranting the alteration of the conditions initially imposed by the circuit court upon his visitation with *1123 his children. “‘[B]ecause the trial court has the advantage of observing the witnesses’ demeanor and has a superior opportunity to assess their credibility, [a reviewing court] cannot alter the trial court’s judgment unless it is so unsupported by the evidence as to be clearly and palpably wrong.’ ” Ex parte Fann, 810 So.2d 631, 636 (Ala.2001) (quoting Ex parte D.W.W., 717 So.2d 793, 795 (Ala.1998); emphasis added in Fann).
Based upon the foregoing facts and authorities, the circuit court’s judgment is affirmed.
AFFIRMED.
DONALDSON, J., concurs.
MOORE, J., concurs in the result, with writing.
THOMPSON, P.J., dissents, with writing, which THOMAS, J., joins.

. This case involves a victim of a sex offense, whose anonymity this court is cautioned to preserve under Rule 52, Ala. R.App. P.; the case has thus been restyled so as to utilize the parties’ initials.

. We note that the “material-promotion" custody-modification standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), "does not govern ... visitation issues.” Gallant v. Gallant, 184 So.3d 387, 400 (Ala.Civ.App.2014).

. In actuality, this court must review the evidence in a light most favorable to the prevailing party. See, e.g., Boyd v. Ottman, 961 So.2d 148, 151 (Ala.Civ.App.2006).